USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/18/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AFTERN SANDERSON,

                Plaintiff,

-against-

LEG APPAREL LLC; AMIEE LYNN
ACCESSORIES, INC.; STEVEN H. SPOLANSKY;
STUART DIAMOND; MELISSA ROMANINO,

                Defendants.

19-CV-8423 (GHW)

ORDER OF SERVICE

GREGORY H. WOODS, United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, 42 U.S.C. § 1981, and the New York State and City Human Rights Laws, alleging that his employer discriminated against him based on his race and sex. By order dated September 13, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

## DISCUSSION

### A. Service on Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the

complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Leg Apparel, LLC; Amiee Lynn Accessories, Inc.; Steven H. Spolansky; Stuart Diamond; and Melissa Romanino through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Leg Apparel, LLC; Amiee Lynn Accessories, Inc.; Steven H. Spolansky; Stuart Diamond; and Melissa Romanino and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge*

*v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 18, 2019
       New York, New York

                                            GREGORY H. WOODS
                                          United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Leg Apparel, LLC
   c/o Jennifer Borrelli, HR Manager
   65 Railroad Avenue
   Ridgefield, New Jersey 07657

2. Amiee Lynn Accessories, Inc.
   c/o/ Jennifer Borrelli, HR Manager
   366 5th Avenue
   New York, New York 10001

3. Steven H. Spolansky
   President, Leg Apparel
   366 5th Avenue, 11th Floor
   New York, New York 10001

4. Stuart Diamond
   CFO, Leg Apparel/Amiee Lynn
   366 5th Avenue, 11th Floor
   New York, New York 10001

5. Melissa Romanino
   Former Director of Planning and Production, Leg Apparel
   17 Dorliss Drive
   Poughkeepsie, New York 12603