USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/09/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
AFTERN SANDERSON,                                             :
                                                              :
                                    Plaintiff,                :    1:19-cv-08423-GHW
                                                              :
                    -v -                                      :    ORDER
                                                              :
LEG APPAREL LLC, AMIEE LYNN                                   :
ACCESSORIES, INC., STEVEN H. SPOLANSKY,                       :
MELISSA ROMANINO, STUART DIAMOND,                             :
                                                              :
                                    Defendants.               :
                                                              :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

Plaintiff has filed an Application for the Court to Request Counsel. Dkt. No. 43. For the following reasons, Plaintiff's application is denied.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-

lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted on September 13, 2019. Dkt. No. 3. Plaintiff's Application for the Court to Request Counsel demonstrates that Plaintiff's financial status has not substantially changed since he was granted IFP status. Dkt. No. 43. Plaintiff therefore qualifies as indigent.

However, in his complaint, Plaintiff asserts claims against Leg Apparel LLC, Amiee Lynn Accessories, Inc., Steven H. Spolansky, Melissa Romanino, and Stuart Diamond, alleging that

2

Defendants discriminated and retaliated against him in the course of his employment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the New York State Human Rights Law, the New York City Human Rights Law, and the Fair Labor Standards Act. The Court cannot determine at this juncture whether Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d 61-62. The Court similarly finds that the other *Hodge* factors do not support Plaintiff's application at this time.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is denied without prejudice to renew at a later point in this litigation.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to send a copy of this order to Plaintiff by first-class and certified mail.

SO ORDERED.

Dated: January 9, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge