UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

AFTERN SANDERSON,                                   :
                                                    :
                                        Plaintiff,  :
                                                    :
                    -against-                       :
                                                    :
LEG APPAREL LLC, AMIEE LYNN                          :
ACCESSORIES, INC., STEVEN H.                         :
SPOLANSKY, MELISSA ROMANINO, and                    :
STUART DIAMOND,                                     :
                                                    :
                                        Defendants. :

-----------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 12/14/20

1:19-cv-8423-GHW

MEMORANDUM OPINION
AND ORDER

GREGORY H. WOODS, United States District Judge:

*Pro se* Plaintiff Aftern Sanderson alleges that Defendants discriminated against him based on his race and perceived sexual orientation. This is not the Court's first opportunity to examine Mr. Sanderson's allegations. Earlier this year, the Court denied Defendants' prior motion to dismiss most of Mr. Sanderson's claims—including his claims for racial discrimination and the creation of a hostile work environment on account of his race. But the Court dismissed Mr. Sanderson's claims regarding a gender-based hostile work environment under Title VII, the New York State Human Rights Law (the "NYSHRL"), and the New York City Human Rights Law (the "NYCHRL"), as well as his common law claim for negligent infliction of emotional distress. In response, Mr. Sanderson amended his complaint to cure the deficiencies described in the Court's prior opinion. Because the amended complaint does not adequately plead that the gender-based comments that he experienced were severe or pervasive enough to create an objectively hostile work environment, his gender-based hostile work environment claims under Title VII and the NYSHRL must still be dismissed. However, because his allegations adequately plead that he was treated "less well" on account of his perceived sexual orientation, his claim survives under the NYCHRL's more lenient standard.

# I.     BACKGROUND

The Court detailed the factual and procedural history of this case in *Sanderson v. Leg Apparel LLC et al.* (*Sanderson I*), No. 19-cv-9423 (GHW), 2020 WL 3100256, at *2–9 (S.D.N.Y. June 11, 2020). The Court assumes the reader's familiarity with that opinion, and as such it does not detail all of that history again here. But in short, Plaintiff alleges that Defendants discriminated against him on the basis of his race and perceived sexual orientation. After Defendants filed a partial motion to dismiss Plaintiff's First Amended Complaint ("FAC"), Dkt. No. 48, the Court largely denied Defendants' motion. *Sanderson I* at 22. However, the Court granted Defendants' motion to dismiss Plaintiff's claims for negligent infliction of emotional distress and gender-based hostile work environment. *Id.*

As recounted in *Sanderson I*, Plaintiff's gender-based hostile work environment claims were based on the following allegations: "Sanderson alleges that [Defendant Melissa Romanino] joked to coworkers that he was on Martha's Vineyard with his boyfriend. And Sanderson alleges that Romanino made two disparaging comments—twice asking whether a client contact at Walmart was Sanderson's 'boyfriend.'" *Id.* at 18. The Court dismissed the claim because "[n]o reasonable factfinder could find that the three comments of which Sanderson complains were pervasive enough to create an objectively hostile work environment." *Id.*

The Court dismissed the negligent of infliction of emotional distress claim for the reasons that follow:

> Sanderson has not plausibly alleged a negligent infliction of emotional distress claim under any theory. He has failed to allege any facts that would support a claim for negligent infliction of emotional distress under the bystander theory. He has also not plausibly alleged that Defendants caused him to fear for his physical safety. And alleged workplace discrimination does not constitute "special circumstances" that confer a "guarantee of genuineness." [*Baker v. Dorfman*, 239 F.3d 415, 421 (2d Cir. 2000) (quoting *Johnson v. New York*, 37 N.Y.2d 378, 384 (1975))]. Sanderson has also failed to allege that he experienced any physical harm.

*Id.*

The Court granted Plaintiff leave to replead the dismissed claims. *Id.* at 22. Plaintiff did so. On July 2, 2020, he filed a "memorandum of law to replead dismissed counts." Dkt. No. 81. The Court construed Plaintiff's submission as an amended complaint as to the dismissed counts. Dkt. No. 82 at 1. Thus, the Court refers to Plaintiff's July 2, 2020 submission as the "Second Amended Complaint" or the "SAC." The Second Amended Complaint only contained additional allegations as to the dismissed discounts. Because Plaintiff is proceeding *pro se*, the Court will consider the First Amended Complaint and the Second Amended Complaint together as the operative pleading.[1] The Court refers to Plaintiff's First and Second Amended Complaint collectively as the "Complaint."

In the same submission, Plaintiff also sought leave to amend his complaint to add a claim for defamation. SAC at 11–18. The Court ordered Defendants to answer or otherwise respond to the Second Amended Complaint by July 31, 2020, and to file any opposition to Plaintiff's motion for leave to amend by the same date. Dkt. No. 82 at 1. On July 24, 2020, Plaintiff filed a letter brief, in which he argued that the "severe or pervasive" standard for hostile work environment claims has been eliminated under the NYSHRL and the NYCHRL. Dkt. No. 88.

---

[1] The Court is exercising its discretion to consider both versions of Mr. Sanderson's complaint together because he is representing himself in this action. "It is well-established that 'an amended complaint ordinarily supersedes the [previous complaint], and renders it of no legal effect." *Fenner v. News Corp.*, No. 09-cv-9832 (BSJ)(RLE), 2011 WL 13359351, at *2 (S.D.N.Y. Apr. 26, 2011) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied*, 434 U.S. 1014 (1978)). When the plaintiff is *pro se*, however, some courts "will consider facts from the [p]laintiff's [previous complaint] that have not been repeated in the [amended complaint]." *Washington v. Westchester Cnty. Dep't of Corr.*, No. 13-cv-5322 (KPF), 2015 WL 408941, at *1 n.1 (S.D.N.Y. Jan. 30, 2015) (citations omitted); *see also, e.g., Little v. City of New York*, No. 13-cv-3813 (JGK), 2014 WL 4783006, at *1 (S.D.N.Y. Sept. 25, 2014) ("The plaintiff thus appears to believe that the Amended Complaint supplements, rather than replaces, the Original Complaint. Because the plaintiff is proceeding *pro se*, the Court will consider the Original Complaint and the Amended Complaint together as the operative pleading."); *Camarano v. City of New York*, 624 F. Supp. 1144, 1147–48 (S.D.N.Y. 1986) ("Apparently viewing the amended complaint as supplemental, [plaintiff] did not repeat in his later filing the allegations set forth in the original complaint. . . . Since *pro se* civil rights complaints should be read with generosity, [plaintiff's] complaint must be given the benefit of incorporation.") (internal quotation marks and citation omitted). As in *Little* and *Camarano*, it is apparent that Plaintiff believed that the Second Amended Complaint would supplement, rather than replace, his previous complaint. Therefore, the Court has elected to consider the factual support for Plaintiff's allegations contained in both the First Amended Complaint and the Second Amendment Complaint because he is proceeding *pro se*. As described further below, however, it is the Court's expectation that the amended complaint authorized here will supersede the current Complaint.

On July 31, 2020, Defendants moved to dismiss the Second Amended Complaint and opposed the motion for leave to amend.  Defs.' Mem. of Law in Opp'n to Pl.'s Am. Pleading as to the Dismissed Counts ("Defs.' MOL"), Dkt. No. 91.  Plaintiff filed a responsive brief on August 20, 2020.  Dkt. No. 98.  Defendants filed a reply in support of their motion to dismiss on August 27, 2020.  Dkt. No. 99.

## II.     MOTION TO DISMISS

In the Second Amended Complaint, Plaintiff repleads the gender-based hostile work environment and negligent infliction of emotional distress claims, which the Court dismissed in *Sanderson I.*  Defendants' motion to dismiss these repleaded claims is granted, but Plaintiff's gender-based hostile work environment claim under the NYCHRL survives because he adequately alleges that he was treated less well as a result of his perceived sexual orientation.

### a.   Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  If a complaint fails to meet this pleading standard, a defendant may move to dismiss it for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 544).

A court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam).  But the Court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations."[2]  *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013) (citation omitted).  And a complaint that offers "labels and conclusions" or "naked assertion[s]" without "further factual enhancement" will not survive a motion to dismiss.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87–88 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678–79).

Because Plaintiff is proceeding *pro se*, the Court must construe the Second Amended Complaint "liberally to raise the strongest arguments it suggests."  *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'") (quotation omitted).  Courts must afford *pro se* plaintiffs "special solicitude" before granting motions to dismiss.  *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994).  Even so, "dismissal of a *pro se* complaint is . . . appropriate where a plaintiff has clearly failed to meet minimum pleading requirements."  *Rahman v. Schriro*, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)).

**b.  Analysis**

**i.  Negligent Infliction of Emotional Distress**

The Second Amended Complaint does not cure the deficiencies identified by the Court in *Sanderson I*.  The allegations in the Second Amended Complaint fail to state a claim for negligent infliction of emotional distress.  "Under New York law, a plaintiff may recover for negligent

---

[2] As a result, the Court does not consider the large swaths of the Second Amended Complaint that contain legal argument rather than factual allegations.

infliction of emotional distress under one of two theories:  (1) the 'bystander theory' or (2) the 'direct duty theory.'"  *Wahlstrom v. Metro-N. Commuter R.R.*, 89 F. Supp. 2d 506, 531 (S.D.N.Y. 2000) (citations omitted); *see also Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996).  "New York also recognizes a cause of action in cases where there is 'an especial likelihood of genuine and serious mental distress, arising from special circumstances, which serves as a guarantee that the claim is not spurious.'"  *Baker v. Dorfman*, 239 F.3d 415, 421 (2d Cir. 2000) (quoting *Johnson*, 37 N.Y.2d at 382).

The "bystander theory" requires the plaintiff to allege that she has "witnessed the death or serious bodily injury of a member of her immediate family."  *Wahlstrom*, 89 F. Supp. 2d at 531 (citing *Mortise*, 102 F.3d at 693).  The "direct duty theory" requires a plaintiff to allege that she "suffer[ed] an emotional injury from [a defendant's] breach of a duty which unreasonably endangered her own physical safety" or "caused her to fear for her physical safety."  *Id.* (quoting *Mortise*, 102 F.3d at 693 then citing *Johnson v. New York City Bd. of Educ.*, 704 N.Y.S.2d 281, 282–83 (2d Dep't 2000)).  "The duty alleged 'must be specific to the plaintiff, and not some amorphous, free-floating duty to society.'"  *Id.* (quoting *Mortise*, 102 F.3d at 693).  And "to recover for her emotional injuries, [a] plaintiff must demonstrate that she experienced contemporaneous or consequential physical harm."  *Id.* (quoting *Bertuzzi v. Chase Manhattan Bank, N.A.*, No. 98 Civ. 5968 (SAS), 1999 WL 759997, at *7 n.3 (S.D.N.Y. Sept. 24, 1999) and citing *Iannotti v. City of Amsterdam*, 639 N.Y.S.2d 537, 538 (3d Dep't 1996)).

In *Sanderson I*, the Court held that the First Amended Complaint "ha[d] not plausibly alleged a negligent infliction of emotional distress claim under any theory."  *Sanderson I* at 22.  In the Second Amended Complaint, Plaintiff adds three factual allegations to support his negligent infliction of emotional distress claim, but none of these additional allegations move the needle.  First, Plaintiff alleges that Defendants negligently terminated him, and that any reasonable person would foresee that this would cause Plaintiff emotional distress.  SAC at 3.  Second and third, he alleges that

6

Defendants' replies to Plaintiff's complaints filed with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("NYSDHR") were negligent and false, and that it was foreseeable that these replies would cause Plaintiff to experience emotional distress. *Id.* at 4.

The latter two allegations—about Defendants' replies in the EEOC and NYSDHR proceedings—cannot give rise to a negligent infliction of emotional distress claim because "[s]tatements submitted to administrative agencies are protected by absolute privilege." *Allen v. St. Cabrini Nursing Home*, No. 00-cv-8558 (CM), 2001 WL 286788, at *6 (S.D.N.Y. Mar. 9, 2001) (citing *Hinds v. Magna Fabrics, Inc.*, No. 96-cv-1383 (DC), 1997 WL 309378, at *5 (S.D.N.Y. June 9, 1997)), *aff'd sub nom. Allen v. St. Cabrini Nursing Home Inc.*, 64 F. App'x 836 (2d Cir. 2003).  The privilege applies "as long as such statements are material and pertinent to the questions involved" in the proceeding. *Rosenberg v. MetLife, Inc.*, 8 N.Y.3d 359, 365 (2007) (quoting *Wiener v. Weintraub*, 22 N.Y.2d 330, 331 (1968) (internal quotation marks omitted)).  "It is well settled in New York . . . that statements made in quasi-judicial proceedings, including proceedings by agencies such as the EEOC, are protected by absolute privilege." *Hinds*, 1997 WL 309378, at *5.  The absolute privilege also extends to NYSDHR proceedings. *Rock v. Mustich*, No. 08-cv-4976 (CS)(PED), 2009 WL 2391776, at *5 (S.D.N.Y. Aug. 3, 2009) ("[I]t is well settled that statements made to the New York State Division of Human Rights in the course of an investigation cannot subject the declarant to liability for defamation.").

The statements at issue here were material and pertinent to the EEOC and NYSDHR proceedings.  They involved Defendants' explanations for Plaintiff's termination and their responses to Plaintiff's allegations.  SAC at 11–18.  Therefore, the statements made by Defendants in connection with the EEOC and NYSDHR proceedings are absolutely privileged.  As a result, they cannot form the basis of Plaintiff's negligent infliction of emotional distress claim. *See Jones v.*

*SmithKlineBeecham*, No. 07-cv-00033 (NPM), 2007 WL 2362354, at *4 (N.D.N.Y. Aug. 14, 2007) (dismissing plaintiff's negligent infliction of intentional emotional distress claim because the statements that formed the basis of the claim were absolutely privileged); *see also Taggart v. Moody's Invs. Serv., Inc.*, No. 06-cv-3388 (PKC), 2007 WL 2076980, at *6 (S.D.N.Y. July 17, 2007) ("[A] plaintiff's claim for [intentional infliction of emotional distress] cannot arise out of statements made during a judicial or quasi-judicial proceeding where those statements are 'material and pertinent to the questions involved in the proceedings.'").[3]

The only remaining allegation in Plaintiff's Second Amended Complaint regarding the negligent infliction of emotional distress claim is Plaintiff's assertion that Defendants were negligent in terminating him and that any reasonable person would foresee that this would cause Plaintiff emotional distress. But the Second Amended Complaint does not add any factual allegations regarding the termination. Instead, it inserts legal conclusions that Defendants were negligent and that a reasonable person would foresee emotional harm as a result. The Court need not credit Plaintiff's legal conclusions couched as factual allegations. *Rothstein*, 708 F.3d at 94. The Court's assessment of Plaintiff's negligent infliction of emotional distress claim remains unchanged from *Sanderson I*—the facts alleged in the Complaint do not adequately plead this claim. Defendants' motion to dismiss Plaintiff's claim for negligent infliction of emotional distress is GRANTED.

### ii. Gender-Based Hostile Work Environment

#### 1. Title VII and NYSHRL

In *Sanderson I*, the Court dismissed Plaintiff's gender-based hostile work environment claims under Title VII and the NYSHRL. The Second Amended Complaint makes four additional factual

---

[3] Even if they were not privileged, these statements fall far short of the high bar required to plead a claim for negligent infliction of emotional distress.

allegations with respect to Plaintiff's gender-based hostile work environment claim, none of which save his claims.

To state a claim for a hostile work environment under Title VII, a plaintiff must allege conduct that "is objectively severe or pervasive." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (citation omitted).  Plaintiff's hostile work environment claim under the NYSHRL is subject to the same standard.[4]  *Tolbert v. Smith*, 790 F.3d 427, 439 (2d Cir. 2015) ("Hostile work environment claims under Title VII and the NYSHRL are governed by the same standard.").  "Whether the challenged conduct is sufficiently severe or pervasive depends on the totality of the circumstances." *Aulicino v. New York City Dep't of Homeless Servs.*, 580 F.3d 73, 82 (2d Cir. 2009) (quotation omitted).

"The Supreme Court in [*Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993)] established a non-exclusive list of factors to consider in this regard:  (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether the conduct was physically threatening or humiliating, or a mere offensive utterance; (4) whether the conduct unreasonably interfered with plaintiff's work; and (5) what psychological harm, if any, resulted." *Id.* (citations and internal quotation marks omitted).

---

[4] Plaintiff correctly points out that the New York State legislature has removed the "severe and pervasive" requirement for NYSHRL hostile work environment claims.  But that amendment does not apply to this case.  The New York legislature amended the NYSHRL in August 2019 to add section 296(1)(h), which eliminated the severe or pervasive requirement.  *See* NY Legis 160 (2019), 2019 Sess. Law News of N.Y. Ch. 160 (A. 8421); *Golston-Green v. City of New York*, 123 N.Y.S.3d 656, 669 n.3 (2nd Dep't 2020) (noting that "[t]he State Human Rights Law was amended to provide that harassment is actionable 'regardless of whether such harassment would be considered severe or pervasive under precedent applied to harassment claims,' and the plaintiff need demonstrate only that she or he was subjected to 'inferior terms, conditions or privileges of employment'") (citing Laws 2019, ch 160, § 16).  However, the amendment "only applies to claims filed after the amendment's effective date of October 11, 2019." *Golston-Green*, 123 N.Y.S.3d at 669 n.3.  Plaintiff initiated this case before that date, in September 2019.  Dkt. No. 1.  And "New York courts disfavor retroactive application of statutes." *Deveaux v. Skechers USA, Inc.*, No. 19-cv-9734 (DLC), 2020 WL 1812741, at *3 n.3 (S.D.N.Y. Apr. 9, 2020) (citing *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 143 (2d Cir. 2013)).  Under New York law, there must be a "clear expression of the legislative purpose to justify a retroactive application" of a statute. *Gold*, 730 F.3d at 143 (quoting *Majewski v. Broadalbin–Perth Cent. Sch. Dist.*, 91 N.Y.2d 577, 584 (1998)).  But "neither the text nor the legislative history of" section 296(1)(h) mentions retroactivity, so it does not apply to claims that accrued before its effective date in October 2019. *Deveaux*, 2020 WL 1812741, at *3 n.3; *see also Wellner v. Montefiore Med. Ctr.*, No. 17-cv-3479 (KPF), 2019 WL 4081898, at *5 n.4 (S.D.N.Y. Aug. 29, 2019) ("[T]hese amendments only apply to claims that accrue on or after the effective date of October 11, 2019."); *Chauhan v. MM Hotel Mgmt. LLC*, No. 18-cv-5963 (DRH)(SIL), 2019 WL 6118006, at *6 n.7 (E.D.N.Y. Nov. 18, 2019) (holding that the amendments "do not apply retroactively").  Plaintiff's last day working at Leg Apparel was in September 2017, FAC ¶¶ 46–48, so his claims accrued in that month at the latest.  Therefore, the NYSHRL amendments do not apply to this case.  The severe and pervasive standard still applies to Plaintiff's NYSHRL claims.

Incidents of discrimination "must be more than episodic" to support a hostile work environment claim. *Raspardo v. Carlone*, 770 F.3d 97, 114 (2d Cir. 2014) (quoting *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002)). Rather, "they must be sufficiently continuous and concerted in order to be deemed pervasive." *Carrero v. New York City Hous. Auth.*, 890 F.2d 569, 577 (2d Cir. 1989) (citing *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1189 (2d Cir. 1987)).

In the right circumstances, a single comment can be severe enough to create a hostile work environment. *See Howley v. Town of Stratford*, 217 F.3d 141, 154 (2d Cir. 2000) (holding that a single instance of obscene comments created a hostile work environment where a coworker claimed the plaintiff "gained her office of lieutenant only by performing fellatio" and made the obscene comments "at length, loudly, and in a large group in which [the plaintiff] was the only female and many of the men were her subordinates"). In order to create a hostile work environment, a single incident must be "extraordinarily severe." *Alfano*, 294 F.3d at 374 (quoting *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000)). The incident by itself must "work a transformation of the plaintiff's work place." *Id.* (citation omitted). For example, "even a single incident of sexual assault sufficiently alters the conditions of the victim's employment and clearly creates an abusive work environment." *Stathatos v. Gala Res., LLC*, No. 06-cv-13138 (RLC), 2010 WL 2024967, at *5 (S.D.N.Y. May 21, 2010) (quoting *Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 437 (2d Cir. 1999)). "Simple teasing, offhand comments, or isolated incidents of offensive conduct (unless extremely serious) will not support a claim of discriminatory harassment." *Petrosino v. Bell Atl.*, 385 F.3d 210, 223 (2d Cir. 2004).

In *Sanderson I*, the Court summarized Plaintiff's gender-based hostile work environment allegations as follows:

> Sanderson alleges that [Defendant] Romanino joked to coworkers that he was on Martha's Vineyard with his boyfriend. And Sanderson alleges that Romanino made two disparaging comments—twice asking whether a client contact at Walmart was Sanderson's "boyfriend." Defendants' attempt to frame these questions as "neutral

> inquir[ies]" that are "neither inherently derogatory nor offensive" is laughable. Sanderson has alleged that Romanino intended to embarrass him and that she laughed with a coworker after making these remarks.  As alleged, Romanino was not earnestly asking whether Sanderson's client contacts at Walmart were his boyfriends.

*Sanderson I* at 18 (citation omitted).  As the Court found in *Sanderson I*, "[n]o reasonable factfinder could find that the three comments of which Sanderson complains were pervasive enough to create an objectively hostile work environment."  *Id.*

Plaintiff argues that while *Sanderson I* focused on whether Defendants' conduct was pervasive enough to support a hostile work environment claim, Defendants' actions were severe enough to state a claim for hostile work environment.  SAC at 10.  However, while the three comments about Plaintiff having a boyfriend which form the basis of the gender-based hostile work environment claim were insensitive and inappropriate, they do not come close to the level of severity necessary to state a claim under the prevailing law governing claims under Title VII and the NYSHRL—they were not severe enough to on their own work a transformation of Plaintiff's workplace.  Conduct more severe than the three comments at issue here has been found insufficient to state a hostile work environment claim.  *See, e.g.*, *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 768 (2d Cir. 1998) (dismissing hostile work environment claim as insufficiently severe or pervasive where the plaintiff's supervisor "deliberately touched [the plaintiff's] breasts with some papers that he was holding in his hand" and told her that "she had been voted the 'sleekest ass' in the office"), *abrogated in part on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).

Plaintiff further argues that the allegations in the Second Amended Complaint render Defendants' conduct severe enough to maintain a hostile work environment claim.  But none of these allegations individually or together with the other facts pleaded in the Complaint allow Plaintiff to plausibly plead a claim for a gender-based hostile work environment under Title VII or the NYSHRL.  First, Plaintiff alleges that "Romanino and Defendants['] employees made gender off-color remarks to and about Plaintiff, which Plaintiff and any reasonable [person] would find

offensive and hostile." SAC at 10. These remarks were included in the First Amended Complaint—the Court considered Romanino's three comments about Plaintiff's perceived sexual orientation in dismissing the gender-based hostile work environment claim in *Sanderson I*. *See Sanderson I* at 18. This allegation does not refer to any additional "off-color" remarks not included in the First Amended Complaint—the allegation in the Second Amended Complaint is exactly the kind of "naked assertion" without "further factual enhancement" that will not defeat a motion to dismiss. *Iqbal*, 556 U.S. at 678.

The second and third allegations added by Plaintiff in the Second Amended Complaint do not help his claim survive a motion to dismiss because they are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *DeJesus*, 726 F.3d at 87–88. In these allegations, Plaintiff asserts that "Defendants['] conduct was so objectively offensive as to alter the conditions of the individual's employment, that being Plaintiff was terminated" and that Defendants' "harassment affected a term, condition, or privilege of employment in that it was sufficiently severe or pervasive to alter the condition of the victim's employment and create an abusive working environment." SAC at 10–11. Simply put, these are not factual allegations that the Court considers in assessing Plaintiff's claim. They are merely unsupported recitations of the legal framework for a hostile work environment claim. *See Patane*, 508 F.3d at 113 ("Ultimately, to avoid dismissal under FRCP 12(b)(6), a plaintiff need only plead facts sufficient to support the conclusion that she was faced with harassment of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse . . . .") (quotation omitted). Stripped of their recitation of legal arguments, these allegations, too, are "labels and conclusions" without "further factual enhancement" that the Court is not bound to accept as true when evaluating the sufficiency of the Complaint. *Iqbal*, 556 U.S. at 678.

Finally, Plaintiff alleges that he "engaged in protected conduct by making a report of discrimination on the basis of Romanino['s] gender based comments and reporting an employer's violation of The Sexual Orientation Non-Discrimination Act (SONDA) . . . ." SAC at 11.  He also alleges that Defendants "created the hostile work environment, at least in part, because the employee engaged in the protected activity." [5] *Id.*  But while the former allegation is relevant to Plaintiff's retaliation claims, which are proceeding, it does not impact the Court's analysis of his hostile work environment claim because it does not affect whether Defendants' conduct was severe or pervasive.  And the latter allegation simply begs the question.  In short, the Second Amended Complaint does not allege any additional facts that impact the hostile work environment analysis under Title VII and the NYSHRL.  The allegations in the Complaint are inadequate to state a claim under those statutes.  Accordingly, Defendants' motion to dismiss Plaintiff's repleaded gender-based hostile work environment claim under Title VII and the NYSHRL is GRANTED.

## 2.  NYCHRL

However, Defendants' motion to dismiss Plaintiff's gender-based hostile work environment claim under the NYCHRL is denied because "the NYCHRL imposes a more lenient standard." *Abdelal v. Kelly*, No. 13-cv-04341 (ALC), 2020 WL 1528476, at *6 (S.D.N.Y. Mar. 30, 2020).  The Complaint alleges facts sufficient to meet that more lenient standard.  Here, the inquiry is not limited to whether the conduct at issue was "severe and pervasive." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) ("Thus, even if the challenged conduct is not actionable under federal and state law, federal courts must consider separately whether it is actionable under

---

[5] It appears that this allegation is aimed at a legal concept that Plaintiff misinterpreted.  Plaintiff seems to have copied a section from what appears to be a treatise on hostile work environment claims and included this as legal argument in the Second Amended Complaint. *Id.* at 9–10.  Plaintiff highlighted an excerpt that said the employee must establish "that the employer created the hostile work environment, at least in part, because the employee engaged in . . . protected activity." *Id.* at 10.  But that point concerned when the presence of a hostile work environment can be considered an "adverse employment action" that could give raise to a claim for retaliation.  It is not relevant to when a hostile work environment is present.

the broader New York City standards.") (citing *Hernandez v. Kaisman*, 957 N.Y.S.2d 53, 58 (1st Dep't 2012) ("While we find that the complained-of incidents do not rise to the level of 'severe and pervasive' for purposes of a claim pursuant to the State HRL, this does not dispose of the question whether plaintiffs' City HRL claim is still viable.")).  "In order to prevail on a hostile work environment claim under the NYCHRL, a plaintiff must show that she was treated 'less well than other employees' on the basis of a protected characteristic."[6]  *Stinson v. City Univ. of New York*, No. 17-cv-3949 (KBF), 2018 WL 2727886, at *8 (S.D.N.Y. June 6, 2018) (citing *Alvarado v. Nordstrom, Inc.*, 685 F. App'x 4, 8 (2d Cir. 2017)).  Plaintiff has alleged that Romanino—his supervisor—made three comments about Plaintiff's perceived sexual orientation with the intent to embarrass Plaintiff. The comments about a client being Plaintiff's boyfriend were made immediately after Plaintiff had a successful client call and were plausibly intended to diminish Plaintiff's success.  FAC ¶¶ 32–33. Accordingly, Plaintiff has adequately alleged that he was treated less well as a result of his perceived sexual orientation.  *See Shukla v. Deloitte Consulting LLP*, No. 19-cv-10578 (AJN)(SDA), 2020 WL 3181785, at *11 (S.D.N.Y. June 15, 2020) (holding that a single comment that the plaintiff was an "expendable Indian" at a time when the plaintiff was being removed from a project was sufficient to state a claim that plaintiff was treated less well as a result of his race or national origin); *Hernandez*, 957 N.Y.S.2d at 59 (holding that "mildly offensive sexual" emails and isolated comments "objectifying women's bodies and exposing them to sexual ridicule" were actionable under the NYCHRL).

---

[6] "The text of the NYCHRL specifically protects against discrimination based on 'perceived' sexual orientation."  *Rohn Padmore, Inc. v. LC Play Inc.*, 679 F. Supp. 2d 454, 461 (S.D.N.Y. 2010) (citing N.Y.C. Code § 8–107(1)(a) ("It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or *perceived* age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, *sexual orientation*, uniformed service or immigration or citizenship status of any person.") (emphasis added)).

Defendants do not argue that Plaintiff fails to allege he was treated less well as a result of his perceived sexual orientation.  Instead, Defendants rely on an affirmative defense.  Defs.' MOL at 11 ("defendants may avoid liability by proving that a reasonable victim would consider the conduct complained of merely 'petty slights and trivial inconveniences.'").

> Even if the plaintiff establishes that she was treated "less well" because of her gender, defendants may assert an affirmative defense whereby they can still avoid liability if they prove that the conduct complained of consists of nothing more than what a reasonable victim of discrimination would consider "petty slights and trivial inconveniences."

*Mihalik*, 715 F.3d at 110 (brackets and some internal quotation marks omitted) (quoting *Williams v. New York City Hous. Auth.*, 872 N.Y.S.2d 27, 41 (1st Dep't 2009)).  But that is an affirmative defense unavailable on a motion to dismiss.  *See, e.g.*, *Moore v. Verizon*, No. 13-cv-6467 (RJS), 2016 WL 825001, at *11 n.8 (S.D.N.Y. Feb. 5, 2016) (Sullivan, J.) ("At summary judgment, but not on a motion to dismiss, a defendant may avail him or herself of the affirmative defense that a plaintiff's allegations amount to no more than 'petty slights and trivial inconveniences' to defeat liability."); *Kaplan v. New York City Dep't of Health & Mental Hygiene*, 38 N.Y.S.3d 563, 565 (2d Dep't 2016) ("[A] contention that the behavior was a petty slight or trivial inconvenience constitutes an affirmative defense . . . which should be raised in the defendants' answer, and does not lend itself to a pre-answer motion to dismiss.").

Defendants fail to recognize that the "petty slights and trivial inconveniences" argument is an affirmative defense, as described in *Mihalik*, 715 F.3d at 110.  The cases cited by Defendants all involved motions for summary judgment, when a defendant may defeat an NYCHRL claim by showing that the defendant's conduct amounted to no more than petty slights and trivial inconveniences.  *Bonnano v. Verizon New York, Inc.*, No. 06-cv-6671 (DAB), 2011 WL 832855, at *11 (S.D.N.Y. Mar. 4, 2011); *Kaur v. New York City Health & Hosps. Corp.*, 688 F. Supp. 2d 317, 340 (S.D.N.Y. 2010); *Wilson v. N.Y.P. Holdings, Inc.*, No. 05-cv-10355 (LTS)(DFE), 2009 WL 873206, at

*29 (S.D.N.Y. Mar. 31, 2009).  Defendants may raise this defense on summary judgment or at trial, but it fails on a motion to dismiss.  Defendants' motion to dismiss the Second Amended Complaint is DENIED with respect to Plaintiff's gender-based hostile work environment claim under the NYCHRL.

### III.    MOTION FOR LEAVE TO AMEND TO ADD A DEFAMATION CLAIM

Plaintiff has also requested leave to amend his complaint to add a claim for defamation.  SAC at 11.  Plaintiff's proposed defamation claim is based on allegedly false statements made by Defendants in their replies to Plaintiff's EEOC and NYSDHR complaints.  It is unclear from the record when exactly the Defendants made these submissions, but it was sometime between September 2017 and April 2018.  Plaintiff filed his EEOC and NYSDHR complaints in September 2017.  *Id.* at 11–12.  Plaintiff submitted his rebuttals to Defendants' EEOC and NYSDHR position statements on April 21, 2018 and December 5, 2017, respectively.  *See* FAC, Exs. H, I.  Because Plaintiff's proposed amendment would be futile, his motion for leave to amend to add a defamation claim is denied.[7]

### a.  Legal Standard

Under the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of right within 21 days of serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B).  After that point, absent written consent from the opposing party, a party must obtain leave to amend from the district court.  Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) provides that courts "should freely give leave when justice so

---

[7] Plaintiff asserts that during a conference held on July 17, 2020, the Court stated it would allow Plaintiff to amend the complaint to include a defamation claim and instructed Defendants to answer.  Dkt. No. 98 at 7.  The Court did not do so.  Rather, the Court explained that its July 13, 2020 order, Dkt. No. 13, set a deadline for Defendants to oppose the motion for leave to amend as well as a deadline for Defendants to answer or otherwise respond to the amended complaint.  Tr. of July 17, 2020 Conference, Dkt. No. 124, at 10:9–16.

requires."  "Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party."  *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (citation omitted); *see also id.* ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.") (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).[8]

### b.  Analysis

Plaintiff's motion for leave to amend his complaint to add a claim for defamation is denied as futile.  First, Plaintiff's defamation claim is time barred because New York's statute of limitations for defamation claims is one year.  Any defamation action "shall be commenced within one year."  N.Y. C.P.L.R. § 215(3) (McKinney 2019).  "[T]he statute of limitations is ordinarily an affirmative defense that must be raised in the answer."  *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015) (quotation omitted).  Because "a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint," *id.* (quotation omitted), granting a motion to dismiss based on the statute of limitations "is appropriate only if a complaint clearly shows the claim is out of time."  *Harris v. City of N.Y.*, 186 F.3d 243, 250 (2d Cir. 1999).

Here, it is clear that Plaintiff's defamation claim accrued outside the limitations period.  "A cause of action for defamation accrues when the material is published."  *Shamley v. ITT Corp.*, 869 F.2d 167, 172 (2d Cir. 1989).  Defendants' statements were made between September 2017, when Plaintiff filed his complaints with the agencies, and April 2018, when Plaintiff submitted his rebuttal

---

[8] The burden on a party seeking to amend the pleadings is heavier where the court, as here, has entered a case management order.  *See* Dkt. No. 39.  At that point, "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "[T]he primary consideration" to determine whether good cause exists "is whether the moving party can demonstrate diligence."  *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).  The Court need not consider whether Plaintiff has demonstrated good cause because this proposed amendment would be futile.

in the EEOC proceeding.  At the latest, the statute of limitations expired in April 2019.  Plaintiff initiated this action in September 2019, so Plaintiff's defamation claim is barred by the statute of limitations.

Even if Plaintiff's defamation claim were not time barred, it would still be futile because it is based solely on statements made by Defendants during EEOC and NYSDHR proceedings.  As explained above, statements made during EEOC and NYSDHR proceedings are absolutely privileged.  *Supra* Section II.b.i.  "[I]n order to encourage open communication both in the judicial process and in quasi-judicial proceedings (such as those before the EEOC), any statements made during such proceedings become privileged and will not support a defamation claim."  *Farzan v. Wells Fargo Bank*, No. 12-cv-1217 (RJS)(JLC), 2013 WL 474346, at *4 (S.D.N.Y. Jan. 25, 2013) (citing *Hinds*, 1997 WL 309378, at *5), *report and recommendation adopted sub nom. Farzan v. Wells Fargo Bank, N.A.*, No. 12-cv-1217 (RJS), 2013 WL 2641643 (S.D.N.Y. June 11, 2013).  Therefore, because Plaintiff's proposed new defamation claim is based entirely on statements that are protected by absolute privilege, his defamation claim would not survive a motion to dismiss.  For this reason, too, Plaintiff's proposed amendment is futile.  Therefore, Plaintiff's motion for leave to amend his complaint to add a defamation claim is DENIED.

## IV.   MOTION FOR LEAVE TO AMEND TO ADD A DEFENDANT

As the parties were briefing the motion to dismiss and Plaintiff's motion for leave to add a defamation claim, the parties and the Court were addressing a request from Plaintiff to add Daytona Apparel Group ("Daytona") as a defendant because he believes Daytona is Leg Apparel's successor in interest.  That motion is GRANTED.

### a.  Background

On June 30, 2020, Plaintiff wrote defense counsel, "I have received information from one of Leg Apparel suppliers that they are claiming bankruptcy and now doing business as Daytona

18

Apparel Group.  If this is true I will seek to amend my complaint to include Daytona Apparel

Group as a Defendant . . . .  Please review and advise." Dkt. No. 86, Ex. B.  Apparently having

received no response from Defendants, Plaintiff informed the Court of his findings on July 21,

2020.  Dkt. No. 86 at 1.  He stated that "[i]f this is true, I will seek to amend my complaint to

include Daytona Apparel Group as a Defendant, under the rules of Successor Liability."  *Id.*  He

noted that the domain legapparel.com now forwards to daytonaapparel.com.  *Id.*  Defendants

provided no response.

The Court raised Plaintiff's letter during a conference on August 12, 2020.  The Court noted

that it had "not received any notification that a defendant in this case is bankrupt."  Tr. of August

12, 2020 Conference ("Aug. 12, 2020 Tr."), Dkt. No. 107, at 16:23–24.  Counsel for Defendants

explained:

> I have no information that Leg Apparel has gone through bankruptcy proceedings.  I
> have no information about what Mr. Sanderson proffered that some other entity
> bought some bankrupt assets from Leg Apparel and he wanted to include that other
> entity into the lawsuit.  I have no more information than that.  As far as I know, there
> was a sale in 2018 where Amiee Lynn, the parent company, sold some or most of the
> assets of Leg Apparel LLC, but maintained the corporate structure of Leg Apparel
> LLC., and also through that sale, maintained ownership of certain liabilities, including
> this lawsuit.  And that is all that I know, your Honor.

*Id.* at 17:17–18:2.

Under the governing case management plan, the deadline to join additional parties without

leave of court was January 6, 2020.  Dkt. No. 39, ¶ 4.  At the August 12, 2020 conference, the Court

"remind[ed] the parties that there is a deadline for addition of parties in this case in the case

management plan and scheduling order" and that the case management plan "required that new

parties be joined to this case by a date certain which has expired."  Aug. 12, 2020 Tr. at 18:8–12.

The next day, on August 13, 2020, Plaintiff requested an extension of time to join additional parties

"due to the exceptional circumstance that Plaintiff recently received information that corporate

defendant Leg Apparel may have filed or intends to file bankruptcy and is D/B/A Daytona Apparel

Group." Dkt. No. 96. Defendants filed an opposition to Plaintiff's request on August 21, 2020,

Dkt. No. 99, and Plaintiff filed his reply on August 28, 2020, Dkt. No. 103.

### b. Legal Standard

The Court construes Plaintiff's motion for an extension of time to join additional parties as a

request for leave to amend the complaint to add Daytona as a defendant. "Where, as here, a

proposed amendment adds new parties, the propriety of amendment is governed by Rule 21 of the

Federal Rules of Civil Procedure." *Lawrence v. Starbucks Corp.*, No. 08-cv-3734 (LTS)(JCF), 2009 WL

4794247, at *2 (S.D.N.Y. Dec. 10, 2009) (citation omitted). Rule 21 provides that "[o]n motion or

on its own, the court may at any time, on just terms, add or drop a party." "In deciding whether to

permit the addition of a party, the court applies the same standard of liberality under Rule 21 as that

afforded to motions under Rule 15(a)" which states that "the court should freely give leave when

justice so requires." *Otegbade v. New York City Admin. for Children Servs.*, No. 12-cv-6298 (KPF), 2015

WL 851631, at *2 (S.D.N.Y. Feb. 27, 2015) (citing cases).

Although the Second Circuit has not spoken on the question, "courts in this District have

found that, also like amendments under Rule 15(a), requested amendments under Rule 21 are

subject to the good cause standard of Rule 16 once a deadline to join parties in a scheduling order

has elapsed." *Id.*; *see also Int'l Media Films, Inc. v. Lucas Ent., Inc.*, No. 07-cv-1178 (JGK)(FM), 2008

WL 781823, at *2 (S.D.N.Y. Mar. 20, 2008) ("Because a pretrial scheduling order has been entered,

[Plaintiffs'] right to amend the complaint is also subject to Rule 16 of the Federal Rules of Civil

Procedure.") (citations omitted). "[D]espite the lenient standard of Rule 15(a), a district court does

not abuse its discretion in denying leave to amend the pleadings after the deadline set in the

scheduling order where the moving party has failed to establish good cause." *Parker v. Columbia

Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

Under Rule 16, "[a] finding of good cause depends on the diligence of the moving party." *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (citation omitted). "The party must show that, despite its having exercised diligence, the applicable deadline set in the court's scheduling order could not reasonably have been met." *Liverpool v. City of New York*, No. 18-cv-1354 (PAE)(BCM), 2020 WL 3057466, at *2 (S.D.N.Y. June 9, 2020) (internal quotation marks and alterations omitted) (quoting *Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05-cv-3749 (KMW)(DCF), 2009 WL 3467756, at *2 (S.D.N.Y. Oct. 28, 2009)). "In undertaking the good cause inquiry, the Court gives solicitude to [Plaintiff's] status as a *pro se* litigant." *Langton v. Town of Chester*, No. 14-cv-9474 (NSR)(LMS), 2017 WL 6988708, at *5 (S.D.N.Y. Sept. 26, 2017) (citing *Case v. Clivilles*, No. 12-cv-8122 (TPG), 2016 WL 5818577, at *3 (S.D.N.Y. Oct. 4, 2016)), *aff'd sub nom. Langton v. Town of Chester Library Bd.*, No. 14-cv-9474 (NSR), 2020 WL 2850898 (S.D.N.Y. June 1, 2020). "This factor, however, must be balanced with the understanding that *pro se* litigants are nevertheless 'expected to make efforts to comply with the procedural rules of the Court.'" *Id.* (quoting *Case*, 2016 WL 5818577, at *3).

If good cause is established, the Court considers "whether the proposed amendment would be futile, unduly prejudicial, or otherwise improper based on the Rule 15(a) standards that otherwise govern motions to amend." *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 223 (E.D.N.Y. 2015) (citing *Parker*, 204 F.3d at 340; *Est. of Ratcliffe v. Pradera Realty Co.*, No. 05-cv-10272 (JFK), 2007 WL 3084977, at *4 (S.D.N.Y. Oct. 19, 2007)). "The Second Circuit has held that a Rule 15(a) motion 'should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'" *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603–04 (2d Cir. 2005) (quoting *Richardson Greenshields Secs., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987)).

### c. **Analysis**

Plaintiff was diligent in bringing his request to join Daytona.  He represented on August 13, 2020 that he "recently" came across the information giving rise to his proposed amendment.  Dkt. No. 96.  Because he only recently discovered the information that forms the basis of his request to join Daytona, Plaintiff could not have met the January 6, 2020 deadline for joining additional parties. True, a month and a half passed between the time Plaintiff first wrote Defendants about the issue on June 30, 2020, and the time he formally requested leave to add a defendant on August 13, 2020. However, three weeks elapsed as he was waiting—in vain—for Defendants to respond to his query. And he made his motion the day after the Court addressed his July 21, 2020 letter during the August 12, 2020 status conference and noted that the deadline to join parties had expired.  While Defendants argue that Plaintiff's motion is untimely because he did not make his motion by the deadline provided by the case management plan, they do not argue that Plaintiff was not diligent. Therefore, particularly in light of Plaintiff's *pro se* status, the Court finds that Plaintiff has established good cause to permit the proposed modification to the Complaint.

As a result, the Court must assess whether the proposed amendment would be improper under Rule 15(a).  Defendants do not argue that the amendment would be futile or that Plaintiff seeks to make it in bad faith.  Instead, they argue that the proposed amendment is speculative.  Dkt. No. 99 at 2.  But it is not—Plaintiff has asserted that he received information from a Leg Apparel supplier suggesting Leg Apparel is now doing business as Daytona, and that the Leg Apparel website now redirects to the Daytona website.  And counsel for Defendants stated that it might have acquired "most" of Leg Apparel's assets.  Whether or not Plaintiff is correct and Daytona is indeed Leg Apparel's successor in interest, the Court cannot conclude on the basis of the record before it that the proposed amendment would be futile.

The amendment is also not unduly prejudicial.  "Although prejudice to the opposing party has been described as the most important reason for denying a motion to amend, only undue prejudice warrants denial of leave to amend." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016) (internal citations and quotation marks omitted).  In determining whether an amendment would cause such prejudice, the Court considers whether the "the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (internal quotations omitted).  "Courts also consider the particular procedural posture of the case." *Agerbrink*, 155 F. Supp. 3d at 454 (citations omitted). "The non-moving party bears the burden 'of demonstrating that substantial prejudice would result were the proposed amendment to be granted.'"  *Id.* (quoting *Oneida Indian Nation of New York State v. Cnty. of Oneida*, 199 F.R.D. 61, 77 (N.D.N.Y. 2000)).

Here, any prejudice to Defendants will be neither great nor undue.  Defendants have not established substantial prejudice—they assert as prejudice only that "it would take time to serve the amended pleading and answer it and discovery would have to be reopened." Dkt. No. 98 at 2.  But "[a]llegations that an amendment will require the expenditure of additional time, effort, or money do not constitute 'undue prejudice.'"  *See A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (citing *Block*, 988 F.2d at 351) (granting leave to amend complaint to add corporate defendants and finding no undue prejudice where no trial date had not been set, discovery had not been completed, and claims against new defendants did "not raise factual claims unrelated to the events in [the] original third-party complaint").  And "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a

pleading." *U.S. For & on Behalf of Mar. Admin. v. Cont'l Ill. Nat. Bank & Tr. Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989) (citation omitted).

The additional burden on Defendants will not be significant because Plaintiff proposes adding Daytona as an alleged successor in interest; Plaintiff does not propose adding allegations that Daytona was involved in the conduct giving rise to his claims. As a result, the addition of Daytona will not substantially expand the scope of this case. The proposed amendment may result in additional motion practice—Daytona may move to dismiss the complaint against it—but the burden of that additional motion practice will not fall on Defendants. To the extent the amendment does result in some additional work for Defendants, that additional work is not undue. *See, e.g., A.V. by Versace*, 87 F. Supp. 2d at 299.

Moreover, this case has not advanced so far procedurally that adding a defendant now would result in undue prejudice. There were months remaining in discovery when Plaintiff filed his motion, no motion for summary judgment has been filed, and no trial date has been set. *See, e.g., Agerbrink*, 155 F. Supp. 3d at 455 (finding no undue prejudice where plaintiff filed her motion before the close of discovery, and neither a summary judgment briefing schedule nor a trial date had been set); *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08-cv-9116, 2009 WL 1357946, at *5 (S.D.N.Y. May 12, 2009) (permitting amendment where there were "no pending dispositive motions and no trial date"). Therefore, Defendants have not demonstrated undue prejudice. As a result, leave to amend would not be improper. Plaintiff may amend his complaint to add Daytona as a defendant.

## V.     CONCLUSION

Defendants' motion to dismiss Plaintiff's repleaded claims in the Second Amended Complaint is GRANTED, except it is DENIED with respect to the gender-based hostile work environment claim under the NYCHRL. Thus, all of the claims in the Complaint survive, with the

exception of Plaintiff's common law claim for negligent infliction of emotional distress and his gender-based hostile work environment claims under Title VII and the NYSHRL, which are dismissed.

Plaintiff's motion for leave to amend his complaint to add a defamation claim is DENIED. Plaintiff's motion for leave to amend his complaint to add Daytona as a defendant is GRANTED. Plaintiff is directed to file his Third Amended Complaint adding Daytona as a defendant within three weeks of the date of this order.  Because Plaintiff's Third Amended Complaint will completely replace, not supplement, his existing complaint, any facts or claims that Plaintiff wishes to maintain must be included in the Third Amended Complaint.

SO ORDERED.

Dated:  December 14, 2020

_____
GREGORY H. WOODS
United States District Judge