```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AFTERN SANDERSON,                               :
                                                :
                              Plaintiff,        :
                                                :               1:19-cv-8423-GHW
                -v -                            :
                                                :                   ORDER
LEG APPAREL LLC, et al.,                        :
                                                :
                              Defendants.       :
------------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/16/2023

GREGORY H. WOODS, United States District Judge:

Plaintiff has filed a motion to reconsider an aspect of this Court's March 31, 2023 memorandum opinion and order. *See* Dkt. No. 293.[1] Specifically, Plaintiff asks the Court to reconsider its determination that a statement allegedly made by his colleague Kayla Coppola represented hearsay that could not be considered that the summary-judgment stage. *Id.* at 3; *see* Dkt. No. 280 ("Summary-Judgment Order") at 6 n.4. Because Plaintiff's request was untimely, and because Plaintiff has failed to show that this aspect of the Court's decision was erroneous, his motion is DENIED.

Under Federal Rule of Civil Procedure 59(e), within 28 days of an entry of judgment, a party may file "[a] motion to alter or amend a judgment." And Southern District of New York Local Rule 6.3 permits parties to, within 14 days of a court's order, file "a notice of motion for reconsideration or reargument" of that motion.[2] "The standards set forth in both Fed. R. Civ. P. 59(e) and Local Rule 6.3 are identical." *In re New York Comm. Bancorp, Inc., Sec. Litig.*, 244 F.R.D. 156, 159 (E.D.N.Y. 2007). "Motions for reconsideration are . . . committed to the sound discretion of the district

---

[1] The Court presumes the reader's familiarity with the basic factual history of the parties' dispute and refers readers to the Court's summary-judgment decision for a more comprehensive description of those facts. Dkt. No. 280.
[2] Plaintiff has not stated the rule (or rules) under which he brings his motion. *See* Dkt. No. 293.

court." *Immigrant Def. Project v. U.S. Immigr. and Customs Enf't*, No. 14-cv-6117, 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citing cases). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703, 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (internal quotation omitted). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2015) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). Accordingly, "[t]he Second Circuit has stated that '[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied.'" *Mahmud v. Kaufmann*, 496 F. Supp. 2d 266, 270 (S.D.N.Y. 2007) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (alterations in *Mahmud*).

Plaintiff's motion is plainly untimely and can be denied for that reason alone. As Defendants note, any motion for reconsideration must be brought within fourteen days of the order that the party seeks to reconsider under Local Rule 6.3; the applicable federal rule provides a twenty-eight-day window. But Plaintiff's motion was not filed until sixty days after the Court's summary-judgment decision. As a result, it is untimely under the relevant local and federal rules and must be denied.

But even if the Court were to ignore the untimeliness of Plaintiff's motion (which it does not), Plaintiff's motion would not meet the high bar needed for the Court to reconsider its determination that Coppola's alleged statement was inadmissible hearsay for purposes of the summary-judgment motion. "Rule 56(e)'s requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavit also means that an affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a

genuine issue for trial." *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004). Coppola's alleged statement, at the summary-judgment stage, constituted "double-hearsay"—the first layer of hearsay being Coppola's alleged statement to Plaintiff's colleague Vincent Doggett, and the second level being Doggett's relaying of that statement to Plaintiff. *See* Summary-Judgment Motion at 6 n.4. As the Court described in the summary-judgment opinion, that means that Plaintiff did *not* have personal knowledge that Coppola made the statement that he attributes to her; instead, he has personal knowledge of only of the fact that he heard about Coppola's statement from Doggett. *See id*. Plaintiff, in other words, does not have personal knowledge of the fact that Coppola made the statement, but merely of the fact that Doggett relayed the statement. And Plaintiff does not identify any exception to the hearsay rules that would permit the introduction of Coppola's alleged statement based on Plaintiff's testimony that Doggett relayed that statement to him. Nor is the Court independently aware of such an exception. As a result, the Court could not treat Plaintiff's allegation that Coppola made the statement in the first place as true for the purposes of the summary-judgment motion.[3]

Plaintiff suggests that because Defendants referenced Coppola's alleged statement in various documents during this case, this Court should deem Defendants to have accepted that Coppola in fact made the alleged statement. But one such example is a statement that Plaintiff, not Defendants,

---

[3] The Court additionally notes that, even though it did not accept the fact that Coppola made the alleged statement as true for the purposes of the summary-judgment motion, it nonetheless permitted Plaintiff's NYCHRL discrimination claim to proceed to trial. Summary-Judgment Order at 38. And Plaintiff provides no argument to suggest that consideration of Coppola's alleged statement would have altered the Court's determination to grant summary judgment as to Plaintiff's NYSHRL and Title VII discrimination claims. Indeed, without making a specific finding on this issue, the Court highly doubts that inclusion of this alleged comment would have changed any of the substantive conclusions reached by the Court in the summary-judgment order. So Plaintiff's motion for reconsideration is arguably subject to denial for this reason also. *See Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting that to justify reconsideration, the moving party must be able "to point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").

made.  *See* Dkt. No. 293 at 2 (Plaintiff quoting his own statement to the EEOC about Coppola's alleged comment).  Another example concerns alleged statements made by Plaintiff's former manager Melissa Romanino (not Coppola), which the Court did accept as true for purposes of the summary-judgment motion.  *Id.* (citing the Court's June 11, 2020 order).  And the final two examples are of statements that Defendants made as part of their litigation response to Plaintiff's allegation that Coppola made the given statement; while they therefore reference and respond to Plaintiff's allegation, they cannot be reasonably construed as accepting that the statement was in fact made.  *See id.* at 2–3 (citing Defendants' request for admission and sur-reply in support of summary judgment).

The Court notes that it held that this statement was double-hearsay (and thus inadmissible) at the summary-judgment stage.  Plaintiff suggests that he "intends to ask Defendants['] witnesses at trial if the incident actually occurred," and additionally requests that the Court "order Defendants to state whether the incident actually occurred." Dkt. No. 303 at 2.  Plaintiff, of course, is free to seek Defendants' cooperation at trial.  And if there is a motion that Plaintiff can make at or before trial—consistent with the Federal Rules of Civil Procedure and Federal Rules of Evidence—for the Court to require the testimony of Doggett or any other witness, he is of course free to make such a motion.  But at this point, Plaintiff suggests no way under those rules that the Court could require the participation of any given witness; his broad reference to the "purpose of civil proceedings" is wholly insufficient.  *Id.* at 1.

The Court closes with a broader observation.  In addition to this motion for reconsideration, Plaintiff has submitted several other rapid-fire submissions to the Court.  *See* Dkt. Nos. 296, 299, 301.  The Court has responded to several of these submissions already, and addresses the final one

in the footnote below.[4]  But to ensure that his actions do not become an abuse of the litigation process, going forward, Plaintiff should think carefully about what issues are important enough to be brought to the Court's attention before trial (and whether there is a legitimate basis for the Court to take action on any specific request).  *See, e.g.*, *Castro v. Samuel*, 50 F. Supp. 3d 377, 381 (E.D.N.Y. 2014).

In sum, Plaintiff's motion for reconsideration of the Court's summary-judgment motion is DENIED.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:  June 16, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

[4] In a June 9, 2023 letter, Plaintiff states that Defendants are seeking his protected health information and will need a subpoena to obtain this information.  Dkt. No. 301 at 2–3.  But Plaintiff does not identify, and the Court is unaware of, any request to the Court by Defendants to enforce a subpoena or otherwise obtain this information.  As a result, there is no request that the Court can act on at this time.