```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
AFTER SANDERSON,                                                    :
                                                                    :
                                        Plaintiff,                  :      1:19-cv-8423-GHW
                                                                    :
                        -v –                                        :      ORDER
                                                                    :
LEG APPAREL, LLC, et al.,                                           :
                                                                    :
                                        Defendants.                 :
                                                                    :
------------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/2023

GREGORY H. WOODS, United States District Judge:

On December 15, 2021, Defendants moved for summary judgment on all Plaintiff's claims. Dkt. No. 170. On March 31, 2023, the Court issued a memorandum opinion and order granting the motion in part and denying it in part. Dkt. No. 280 ("SJ Opinion"). With respect to Defendant Melissa Romanino, the Court denied the motion as to Plaintiff's claim for aiding and abetting discrimination under the New York City Human Rights Law (the "NYCHRL") but granted the motion as to Plaintiff's claim for direct individual liability under the NYCHRL.[1] SJ Opinion at 37. For the following reasons, the Court has reconsidered its decision, and Defendants' motion for summary judgment as to the direct individual liability claim under the NYCHRL against Ms. Romanino is denied.

Pursuant to F.R.C.P. 54, a district court has discretion to reconsider its non-final orders *sua sponte*.

> "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and

---

[1] In light of its duty to construe Plaintiff's *pro se* complaint "liberally to raise the strongest arguments it suggests," the Court considered in its opinion whether Plaintiff's claims against the three individual defendants could survive summary judgment "under any applicable theory," including aiding and abetting and direct individual liability. SJ Opinion at 36 n. 14 (quoting *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014)).

> liabilities." F.R.C.P. 54(b). "A district court . . . possesses the inherent authority to *sua sponte* reconsider its own interlocutory orders before they become final." *Chartis Seguros Mexico, S.A. de C.V. v. HLI Rail Rigging, LLC*, 2015 WL 545565, at *2, (S.D.N.Y. Feb. 9, 2015). "Sua sponte reconsideration is appropriate where there is a need to correct a clear error or prevent manifest injustice, there is an intervening change in the applicable law, or new evidence is available." *Id.* (quoting *Benavidez v. Piramides Mayas Inc.*, 2013 WL 2357527, at *3 (S.D.N.Y. May 24, 2013)). "Whether such revision is appropriate in any given case is within the sound discretion of the trial judge." *Acha v. Beame*, 570 F.2d 57, 63 (2d Cir. 1978).

*Esposito v. Suffolk Cnty. Cmty. Coll.*, 517 F. Supp. 3d 126, 133–34 (E.D.N.Y. 2021), *aff'd*, No. 21-521-CV, 2023 WL 192671 (2d Cir. Jan. 17, 2023).

Here, the Court's grant of partial summary judgment was an interlocutory order. *See Sahu v. Union Carbide Corp.*, 475 F.3d 465, 466 (2d Cir. 2007) (holding that a partial grant of summary judgment is an interlocutory order). Therefore, the Court retains discretion to reconsider the order. *Esposito*, 517 F. Supp. at 134.

In its opinion, the Court observed that "[a]n individual defendant is liable as an 'employer'" under the NYSHRL "when that individual has an ownership interest in the relevant organization or the power to do more than carry out personnel decisions made by others, i.e., the power to hire or fire." SJ Opinion 36–37 (quotations and citations omitted). "[S]ince the NYSHRL uses virtually identical language to the applicable NYCHRL provision, claims under both statutes are subject to the same analysis." *Id.* at 37 (quoting *Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429 450–51 (S.D.N.Y. 2018)). The Court then reasoned that "Romanino has attested . . . that she 'did not have the authority to hire, discipline, or fire employees.' . . . So she cannot be held individually liable as an employer." As a result, the Court held that she could only be held liable for discrimination under the NYCHRL's aiding and abetting provision. *Id.*

That aspect of the Court's summary judgment analysis was incorrect, however, because the standard under the NYCHRL extends liability more broadly than the NYSHRL. The NYCHRL makes it unlawful for "an employer *or an employee or agent thereof* . . . . To discriminate against [an

2

employee] in compensation or in terms, conditions or privileges of employment." N.Y.C. Admin. Code § 8-107(1)(a) (emphasis added). The Civil Rights Restoration Act of 2005 requires that the NYCHRL "be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title[,] have been so construed." Local Civil Rights Restoration Act of 2005, N.Y.C. Local L. No. 85 § 7 (amending N.Y.C. Admin. Code § 8-130.)

Accordingly, the NYCHRL permits plaintiffs to sue individual employees directly for their discriminatory acts, regardless of whether they have an ownership interest in the business or decisionmaking authority. *See, e.g.*, *Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp. 2d 349, 365 (S.D.N.Y. 2012) (holding that the plaintiff's supervisor was subject to direct individual liability under the NYCHRL, but not under the NYSHRL) ("The NYCHRL provides a broader basis for direct individual liability than the NYSHRL . . . the NYCHRL provides for individual liability of an employee regardless of ownership or decisionmaking power.") (citations and quotations omitted); *Villar v. City of New York*, 135 F. Supp. 3d 105, 143 (S.D.N.Y. 2015) (same); *Craven v. City of New York*, No. 20-CV-8464 (ER), 2023 WL 3097434, at *10 (S.D.N.Y. Apr. 26, 2023) ("The NYCHRL, by contrast, provides a broader basis for direct individual liability than the NYSHRL because it applies to individuals regardless of ownership or decision-making power.") (quotations omitted).

Recognizing this distinction, the Court concludes that it should not have granted summary judgment in favor of Ms. Romanino with respect to Plaintiff's individual claim against her under the NYCHRL. Therefore, Defendants' motion for summary judgment with respect to this claim is denied. The claim will be tried. Because the individual discrimination claim overlaps substantially with the aiding and abetting claim that survived the summary judgment motion, the Court does not expect that this decision will change the nature or extent of evidence to be presented at trial. The

Court will prepare a proposed charge for this additional claim.

    The Clerk of Court is directed to mail a copy of this order to Plaintiff.

    SO ORDERED.

Dated: November 20, 2023
       New York, New York

                                        GREGORY H. WOODS
                                 United States District Judge