```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/22/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
   AFTERN SANDERSON,                       :
                                                          :
                                  Plaintiff,  :
                -v-                         :
                                                       :
   LEG APPAREL, LLC,                      :           1:19-cv-8423-GHW
                                  Defendants. :
------------------------------------------------------------- X            ORDER

GREGORY H. WOODS, United States District Judge:

       On November 9, 2023, Plaintiff served hard copies of his proposed exhibits on Defendants. On November 16, 2023, Defendants submitted their objections to the proposed exhibits. Dkt. No. 357. As Defendants point out, Plaintiff's proposed exhibits include a number of demonstratives, including documents that summarize other documents or that include Plaintiff's narrative comments. *See, e.g.*, PX-D, PX-G. The Court will not rule now on whether those exhibits may be presented to the jury during Plaintiff's trial testimony. However, Plaintiff should be aware that demonstrative exhibits are not evidence. *See, e.g., Rodriguez v. Vill. of Port Chester*, 535 F. Supp. 3d 202, 219 (S.D.N.Y. 2021) (a demonstrative exhibit "is not substantive evidence"); *Chisholm v. Sloan-Kettering*, No. 09 CIV. 8211 VM, 2011 WL 2015526, at *4 (S.D.N.Y. May 13, 2011). Therefore, demonstrative exhibits may not be admitted nor made available to the jury during its deliberations.

       If Plaintiff wishes for his exhibits to be admitted in evidence at trial, he may wish to submit copies of the original, unaltered documents underlying his demonstrative exhibits. That is, where Plaintiff has submitted an exhibit in which he summarizes certain documents, Plaintiff may wish to submit original copies of the documents being summarized. Where Plaintiff has submitted a marked up or annotated copy of a document, Plaintiff may wish to submit a clean copy of that document. Plaintiff may submit these documents by email.

       Furthermore, Defendants note in their objections that the hard copy exhibits they received

"differ substantially" from the exhibits Plaintiff emailed to the Court and the parties between November 7, 2023 and November 9, 2023. Dkt. No. 357. Therefore, Defendants made their objections to the hard copy exhibits only. *Id.* Plaintiff is ordered to provide an updated exhibit list clarifying which exhibits he plans to present at trial by November 24, 2023. In the list, he should indicate whether Defendants and the Court received each exhibit in hard copy or in electronic form. If Plaintiff fails to do so by November 24, 2023, in order to avoid prejudicing Defendants, the Court may preclude him from introducing at trial any exhibits that were not included in the hard copy exhibits he served to Defendants on November 9, 2023.

      The Clerk of Court is directed to mail a copy of this order to Plaintiff.

      SO ORDERED.

Dated: November 22, 2023

                                                     GREGORY H. WOODS
                                               United States District Judge