UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/8/2024

AFTERN SANDERSON,

                    Plaintiff,

           -v –

LEG APPAREL LLC, *et al.*,

                 Defendants.

--------------------------------------------------------------- X

1:19-cv-8423-GHW

MEMORANDUM OPINION &
ORDER

GREGORY H. WOODS, United States District Judge:

## I.  BACKGROUND

Plaintiff brings this motion for sanctions under Fed. R. Civ. P. 11(c)(2), accusing defense counsel and Defendants of a wide range of misconduct during the litigation of this case as well as during his employment at Leg Apparel LLC ("Leg Apparel").  Most of the conduct Plaintiff alleges does not involve a signed pleading, motion, or other paper presented to the Court and is therefore not governed by Fed. R. Civ. P. 11 ("Rule 11").  Plaintiff's remaining claims for violation of Rule 11 also fail because they are untimely, fail to satisfy Fed. R. Civ. P. 11's "safe harbor" requirement, and do not rise to the "objectively unreasonable" standard required for imposition of sanctions under the rule.  The Court also declines to exercise its inherent power to impose sanctions because it does not find that any of the conduct described evinces the bad faith required for exercise of such power. For the following reasons, the Court dismisses Plaintiff's motion in its entirety.

## II.  LEGAL STANDARD

### A.  Federal Rule of Civil Procedure Rule 11

Federal Rule of Civil Procedure 11(b) requires that an attorney filing a "pleading, motion, or other paper" to certify, "to the best of the [attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that:

(1) it is not being presented for any improper purpose, such as to harass, cause
unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or
by a nonfrivolous argument for extending, modifying, or reversing existing law or for
establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified,
will likely have evidentiary support after a reasonable opportunity for further
investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically
so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

"A court may sanction an attorney, law firm, or party that violates Rule 11(b), but only after

providing notice and a reasonable opportunity to respond." *Lawrence v. Richman Grp. of CT LLC*, 620

F.3d 153, 156 (2d Cir. 2010) (citing Fed. R. Civ. P. 11(c)(1)). "Consistent with these requirements, a

party moving for Rule 11 sanctions must do so in a filing 'made separately from any other motion.'"

*Id.* (quoting Fed. R. Civ. P. 11(c)(2)). "This section provides filers with a 'safe harbor' from

sanctions, in that a Rule 11(c)(2) motion not only must specify the conduct for which sanctions are

sought but must not be presented to the court until the alleged violator is afforded twenty-one days

to withdraw or correct the offending document." *Id.* (citing *In re Pennie & Edmonds LLP*, 323 F.3d

86, 89 (2d Cir. 2003)). "Although Rule 11 contains no explicit time limit for serving the motion, the

'safe harbor' provision functions as a practical time limit, and motions have been disallowed as

untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an

opportunity to correct or withdraw the challenged submission." *In re Pennie & Edmonds LLP*, 323

F.3d at 89 (collecting cases). "At the very least, a party must serve its Rule 11 motion before the

court has ruled on the pleading" or "resolve[d] the offending contention," as otherwise "the purpose

of the 'safe harbor' provision would be nullified." *Id.* at 89 & n.2 (quotation omitted).

To grant a motion for sanctions under Rule 11(c)(2), the Court must find, in addition to the

satisfaction of the "safe harbor" requirement, that the complained of conduct was "objective[ly]

unreasonable[]. . . ." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir. 2003) (quoting *Margo*

2

*v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000)).  "[I]f the district court concludes that the assertion of a given claim violates Rule 11 . . . the decision whether or not to impose sanctions is a matter for the court's discretion."  *Bobcar Media, LLC v. Aardvark Event Logistics*, Inc., No. 16-cv-885, 2019 WL 422613, at *2 (S.D.N.Y. Feb. 4, 2019) (citing *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004)).  Courts maintain a "high bar" for establishing a Rule 11 violation given judicial concern for encouraging "zealous advocacy."  *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 179 (S.D.N.Y. 2008).

Rule 11 governs only "pleading[s], motion[s], [and] other paper[s]" filed with the court and therefore "[does not] provide a mechanism for imposing sanctions for any and all improper conduct of a party or its counsel during litigation . . . ."  *F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1268 (2d Cir. 1987) *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *see also Jackson v. L. Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989) (noting that Rule 11 "relates to papers filed in court by an attorney, not to questionable attorney conduct in general. . . .  The focus of Rule 11, then, is narrow; it relates to a specific act— the signing, and to a specific time—the time of signing.").

Because he is proceeding *pro se*, the Court must liberally construe Plaintiff's motion and interpret it "to raise the strongest arguments that [it] suggest[s]."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed[.]") (citation omitted).  But "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law."  *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation omitted).

## III.   ANALYSIS

### A.  Federal Rule of Civil Procedure Rule 11

Plaintiff's motion asserts ten grounds for sanctions:  (1) Defendants' and defense counsel's

alleged failure to preserve electronic evidence;[1] (2) defense counsel's and Defendants' expert Michael

First's alleged conduct related to Plaintiffs' Fed. R. Civ. P. 35 ("Rule 35") examination; (3)

Defendants' alleged conduct during Plaintiff's employment at Leg Apparel; (4) the allegedly

inaccurate contents of Dr. First's expert report; (5) Defendant Stuart Diamond's alleged

misrepresentation regarding Defendant Steven Spolansky's role at Leg Apparel; (6) Defendants'

"dissemination" of Dr. First's allegedly inaccurate report; (7) defense counsel's failure to cite

controlling law in their motion to dismiss; (8) defense counsel's mischaracterization of Plaintiff's job

title at Betesh in their motion for summary judgment; (9) defense counsel's "misuse" of evidence

obtained from Plaintiff's Rule 35 examination; and (10) defense counsel's representations that

Plaintiff called Defendant Melissa Romanino a "bad wife and mother."  Dkt No. 389 ("Plaintiff's

Motion").  None of this conduct is sanctionable under Rule 11.

Even liberally construed, the first six of Plaintiff's claims cannot be read to involve a signed

pleading, written motion, or other paper filed with the Court, and therefore are not within the scope

of Rule 11.  With respect to the four remaining claims, Plaintiff has not afforded Defendants the

opportunity to withdraw or amend the allegedly offending pleadings as required by Rule 11(c)(2) and

therefore they too fail under Rule 11.  Nevertheless, the Court will briefly address each in turn.

### i.  Failure to Cite Controlling Law

First, Plaintiff asserts that defense counsel should be sanctioned for failing to cite controlling

authority in their motion to dismiss.  Even if Plaintiff had complied with Rule 11's safe harbor

provision, this claim would be untimely.  Plaintiff long ago missed "the practical time limit" for filing

---

[1] Plaintiff also challenges this alleged conduct under Fed. R. Civ. P. 37(e).  The Court has addressed this discovery dispute several times during this litigation.  *See* November 1, 2023 Transcript at 36:16–39:9 (summarizing history of discovery dispute).  The Court has explained multiple times to Plaintiff that "Defendants [were] not required to reproduce discovery" to Plaintiff that it had already produced to him, and that Defendants have not acted improperly by failing to do so.  November 1, 2023 Transcript at 39:5–39:9.  Moreover, to impose sanctions under Fed. R. Civ. P. 37(e), the Court would need to find good cause to reopen discovery, years after its close and after the completion of trial.  The Court did not find good cause to do so any of the other times it addressed this issue, and it does not find good cause now.

sanctions with respect to this motion, because the Court ruled on it—in Plaintiff's favor, no less—

over three years ago. *In re Pennie & Edmonds LLP*, 323 F.3d at 89 ("At the very least, a party must

serve its Rule 11 motion before the court has ruled on the pleading . . . ."). Additionally, at that

time, the Court admonished defense counsel and warned them that failure to cite controlling law in

future filings could result in sanctions. Dkt No. 79 at 13 n. 6. Defense counsel heeded the Court's

warning and did not engage in future conduct of this type.

### ii.   "Misuse" of Rule 35 Exam Evidence

Next, Plaintiff asserts that defense counsel "misuse[d]" information obtained from his Rule

35 exam. Plaintiff's Motion at 12. Liberally construed, the Court reads this as a claim that

Defendants' use of Rule 35 exam information in its motion to revoke Plaintiff's *in forma pauperis*

status violated Rule 11(b). Because the Court decided on this motion—in Plaintiff's favor—six

months ago, Plaintiff's Rule 11 claim on this ground is untimely. It is also without substantive

support. "Absent a protective order, 'the discovery rules place no [specific] limitations on what a

party may do with materials obtained during discovery.'" *Burgess v. Town of Wallingford*, No. 3:11-CV-

1129 CSH, 2012 WL 4344194, at *9 n. 17 (D. Conn. Sept. 21, 2012) (quoting 23 Am. Jur. 2d

Depositions and Discovery § 167 (Westlaw update August 2012)). The Court is not aware of

any authority that would restrict Defendants from using Rule 35 evidence in this manner.

Therefore, Defendants' use of Rule 35 examination evidence in its motion did not violate Rule 11.

### iii.   Defense Counsel's Mischaracterization of Plaintiff's Job Title

Next, Plaintiff's Motion complains of defense counsel's mischaracterization of Plaintiff's job

title after his termination from Leg Apparel in their motion for summary judgment. Defense

counsel wrote in their summary judgement motion that Plaintiff was a "Senior Planner" at Betesh

when Plaintiff was in fact an "Merchandising Planner." Plaintiff's Motion at 7–8. This claim suffers

from the same fatal untimeliness described above. In addition, "[s]anctions should not be imposed

'for minor, inconsequential violations of the standards prescribed by subdivision (b).'" *Mata v. Avianca, Inc.*, No. 22-CV-1461 (PKC), 2023 WL 4114965, at \*13 (S.D.N.Y. June 22, 2023) (quoting Rule 11, advisory committee's note to 1993 amendment).  Here, Defendants mentioned Plaintiff's job title to support their assertion that Plaintiff obtained comparable employment after his termination from Leg Apparel.  Dkt. No. 172 at 25.  The correct characterization of Plaintiff's job title at Betesh, which was the same as his job title at Leg Apparel, would only strengthen Defendants' assertion that Plaintiff obtained comparable employment after his termination from Leg Apparel.  Plaintiff's specific job title was therefore not a material misrepresentation.  *Cf. Upstate Shredding, LLC v. Ne. Ferrous, Inc.*, No. 312CV1015LEKDEP, 2016 WL 865299, at \*6 (N.D.N.Y. Mar. 2, 2016) (holding that counsel's misrepresentation of the length of a meeting with a witness for whom they claimed they did not have full contact information was immaterial and therefore not sanctionable under Rule 11); *Tritt v. Automatic Data Processing, Inc.*, No. 3:06-CV-2065 (RNC), 2012 U.S. Dist. LEXIS 113590, at \*37 (D. Conn. Aug. 11, 2012) ("[W]hile defendants' counsel erred in stating that Dr. Lawrence was 'not a medical doctor,' this error is not sufficiently significant either in terms of its nature or effect as to justify imposing a sanction.").

### iv.  Defense Counsel's "Bad Wife and Mother" Allegations

Finally, liberally construed, Plaintiff complains that defense counsel violated Rule 11 by representing that Plaintiff called Ms. Romanino "a bad wife and mother."  Plaintiff's Motion at 11.  The record demonstrates that this representation was factually supported and therefore does not violate Rule 11.  "With regard to factual contentions, 'sanctions may not be imposed unless a particular allegation is utterly lacking in support.'" *Storey*, 347 F.3d at 388 (quoting *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996)).  Here, Ms. Romanino has provided factual support for this allegation throughout this litigation, attesting to it in affidavit presented at summary judgment and testifying to it at trial.  Dkt. No. 171-16 ¶ 12; Trial Tr. 457:19–457:21. Defendants'

assertion of disputed yet supported facts is not improper and does not violate Rule 11.

### B.  The Court's Inherent Power

Although Plaintiff moves only under Rule 11, the court construes his motion to raise the "strongest arguments it suggests" and therefore also reads his motion as an application for the Court to exercise its inherent authority to impose sanctions. *Triestman*, 470 F.3d at 474.  The Court declines to exercise this power.  While the Court may impose sanctions for improper conduct outside of Rule 11's scope, unlike imposition of Rule 11 sanctions, "[i]mposition of sanctions under a court's inherent powers requires a specific finding that an attorney [or party] acted in bad faith." *Wolters Kluwer Fin. Servs. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009).  *See also* WAGSTAFFE PRAC. GUIDE: FED. CIVIL PROC. BEFORE TRIAL § 50-IV (2023) ("The requirement to invoke the Court's inherent authority is significantly higher than Rule 11.").  "[I]nherent-power sanctions are appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters Kluwer Fin. Servs.,* 564 F.3d at 114.  "Conduct is entirely without color when it lacks any legal or factual basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the attorney [or party] whose conduct is at issue." *Id.*

"Because of their very potency, inherent powers must be exercised with restraint and discretion." *Yukos Capital S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).  "[T]he Supreme Court has made clear that courts should impose sanctions pursuant to their inherent authority only in rare circumstances." *Id.*  "The imposition of sanctions pursuant to a court's inherent authority is truly discretionary." *Id.* (citing *Murray v. City of Columbus*, 534 F. App'x 479, 485 (6th Cir. 2013) ("Because the court's inherent power to impose sanctions is discretionary, the court is not required to sanction a party or attorney even if it has determined that some wrongdoing has occurred.")).

The Court does not find that any of the conduct Plaintiff describes meets the high standard required for imposition of sanctions under the Court's inherent authority. Moreover, some of the conduct he describes, such as Defendants' alleged actions at Leg Apparel, did not occur in the context of this litigation. Other conduct he describes was not at all improper—let alone in bad faith—such as defense counsel's assertion of disputed but factually supported allegations. Plaintiff also makes conclusory accusations too vague for the Court to properly assess, such as his assertions that Defendants and their expert presented unidentified "erroneous information" in Defendants' expert's report. Plaintiff's Motion at 8. None of his allegations constitute the "rare circumstances" that would allow for imposition of sanctions, and therefore the Court will not exercise this power. *Yukos Capital S.A.R.L.*, 977 F.3d at 235.

### C. Defendants' Motion for Costs under Rule 11

Defendants contend that because Plaintiff's motion is meritless, the Court should award Defendants reasonable expenses incurred in responding to the motion pursuant to Fed. R. Civ. P. 11(c)(2). Defendants' request is denied. Under Rule 11(c)(2), "[i]f warranted, the [C]ourt may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). Such fees "are infrequently granted where the motion was not clearly frivolous, filed for an improper purpose, or not well-grounded in fact or law." *E. Gluck Corp*, 252 F.R.D. at 180 (quoting *Goldberg v. Blue Ridge Farms, Inc.*, No. 04 Civ. 5098, WL 1796116, at *7 (E.D.N.Y. July 26, 2005)). Furthermore, "[w]hile it is true that Rule 11 applies both to represented and pro se litigants, the court may consider the special circumstances of litigants who are untutored in the law." *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989).

Here, considering Plaintiff's pro se status, the Court does not find his motion so "frivolous," "improper," or "[un]grounded" to warrant imposition of fees. *E. Gluck Corp.*, 252 F.R.D. at 180; *cf. Maduakolam*, 866 F.2d at 56 (finding that it was an abuse of discretion to impose Rule 11 sanctions

against a pro se party where "[t]here [was] nothing in the record to indicate that [he] knew or should have known" that his motion was time-barred). Nor does Plaintiff have a track record during this litigation of filing frivolous motions to which Defendants have been forced to respond. *Cf. Wimberly v. Stern*, No. 22-CV-7581 (VSB), 2023 WL 7039542, at \*2 (S.D.N.Y. Oct. 26, 2023) (declining to sanction pro se plaintiff for frivolous filing) ("Defendants have not established that any monetary sanctions are necessary to deter repetition of comparable conduct. In addition, I do not find the circumstances here to warrant a finding that Plaintiff pursued this action for an improper purpose, to harass, or to needlessly increase the cost of litigation."). Therefore, Defendants' application for expenses is denied.

## IV.    CONCLUSION

Accordingly, Plaintiff's motion for sanctions is DENIED. Defendants' application for expenses under Rule 11(c)(2) is also DENIED. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 374.

SO ORDERED.

Dated: February 8, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge