```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/23/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
AFTERN SANDERSON,                                              :
                                                               :
                                    Plaintiff,                 :    1:19-cv-8423-GHW
                                                               :
                       -v –                                    :    ORDER
                                                               :
LEG APPAREL LLC, *et al.*,                                     :
                                    Defendants.                :
                                                               :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

## I.    BACKGROUND

On September 23, 2025, Aftern Sanderson filed a motion asking that the Court recuse itself from this case. Dkt. No. 435 (the "Motion"). The Motion was filed long after judgment in the action was entered, Dkt. No. 402, and after the judgment was upheld on appeal. Dkt. No. 428. The only matter pending before the Court at the time that the Motion was filed was Mr. Sanderson's August 13, 2025 motion for relief under Federal Rule of Civil Procedure 60(b). Dkt. No. 429. The Court is denying that motion by separate order to be entered today.

In the Motion, Mr. Sanderson asks that the Court recuse itself. Mr. Sanderson marshals a number of alleged acts that he believes to demonstrate bias and therefore justify the Court's recusal. First, he argues that the Court has failed to resolve the issue of damages in the case. Motion at 2. (He makes this assertion notwithstanding the fact that judgment has been entered in the case. Dkt. No. 402.) Second, he argues that the Court's evidentiary rulings favored the defendants. Motion at 2. Third, he argues that the Court's allegedly disproportionate rulings in favor of the defendants demonstrate bias by the Court. *Id.* at 2-3. Fourth, he argues that Magistrate Judge Sarah L. Cave issued "biased mediation rules" and that she, in an unidentified manner, suppressed Mr. Sanderson's

"filings from the docket." *Id.* at 3. All of the unfavorable rulings, Mr. Sanderson argues, sum up to "cumulative structural unfairness." *Id.* at 4.

## II. LEGAL STANDARD

"Recusal motions are committed to the discretion of the judge who is being asked to recuse himself." *Shukla v. Deloitte Consulting LLP*, No. 19-CV-10578 (AJN) (SDA), 2020 WL 5894078, at *1 (S.D.N.Y. Oct. 5, 2020) (citations and quotations omitted). 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The inquiry is whether 'an objective, disinterested observer fully informed of the underlying facts' would 'entertain significant doubt that justice would be done absent recusal.'" *Rubin v. N.Y.C. Bd. of Educ.*, No. 20-CV-10208 (LGS), 2023 WL 5336749, at *2 (S.D.N.Y. June 16, 2023) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)).

Subsection (b) of the statute further requires a judge to recuse himself where, *inter alia*, "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(b)(1). "Section 455(a) complements § 455(b), which addresses the problem of actual bias by mandating recusal in certain specific circumstances where partiality is presumed." *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000). Furthermore, 28 U.S.C. § 144 provides that a judge should recuse himself when the party has filed a "timely and sufficient affidavit" showing that the judge "has a personal bias or prejudice either against [the party] or in favor of any adverse party." 28 U.S.C. § 144. The Court's analysis is the same under 28 U.S.C. § 144 as under 28 U.S.C. § 455(b)(1). *See Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987) ("Courts considering the substantive standards of §§ 144 and 455(b)(1) have concluded that they are to be construed *in pari materia*.").

"To be disqualifying under § 455, the alleged bias and prejudice must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge

has learned from his participation in the case." *S.E.C. v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013) (cleaned up), *as amended* (Nov. 26, 2013).  "Events occurring in the course of judicial proceedings generally do not constitute a basis for recusal unless they indicate that the judge has a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Conte*, 99 F.3d 60, 65 (2d Cir. 1996) (internal quotation marks and citations omitted).  Moreover, "it is well-settled that a judge's adverse rulings and decisions against a party almost never are a valid basis for a party to seek disqualification based on bias or impartiality." *Pri-har v. United States*, 83 F. Supp. 2d 393, 397 (S.D.N.Y. 2000) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see also Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) ("Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality.").

Importantly, "the Court has an affirmative duty not to disqualify itself unnecessarily." *Shukla*, 2020 WL 5894078, at *1 (cleaned up).  "Accordingly, a judge is as much obliged not to recuse himself when it is not called for as he is obliged to recuse when it is called for." *Weston Cap. Advisors, Inc. v. PT Bank Mutiara Tbk.*, No. 13-CV-06945 (PAC), 2019 WL 6002221, at *3 (S.D.N.Y. Sept. 20, 2019).  "Were it otherwise, recusal motions would become a tool for judge-shopping and impeding the administration of justice . . . [a]nd Section 455 is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Saleh v. Pastore*, No. 19-CV-11799 (KPF), 2021 WL 1177533, at *3 (S.D.N.Y. Mar. 28, 2021) (cleaned up).

Because he is proceeding *pro se*, the Court must liberally construe Plaintiff's submissions and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also, e.g.*, *Erickson v. Pardus*, 551 U.S. 89 (2007) ("A document filed pro se is 'to be liberally construed' . . . " (citation omitted)).  However, "the liberal treatment afforded to pro se litigants does

3

not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013).

### III.  DISCUSSION

None of the reasons identified by Mr. Sanderson in his Motion justify the Court's recusal from this action. At base, his assertion of bias rests on alleged errors made by the Court when making rulings adverse to him. But as described above, generally "claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund*, 552 F.3d at 227. Mr. Sanderson's Motion offers nothing more. Therefore, Mr. Sanderson's motion for the Court to recuse itself is denied.

### IV.  CONCLUSION

For the reasons stated above, Plaintiff's Motion is DENIED. The Court requests that counsel for Defendants provide Plaintiff with copies of unpublished cases cited in this decision pursuant to Local Rule of the United States District Courts for the Southern and Eastern Districts of New York 7.2. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 435 and to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: October 23, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge