Aftern Sanderson
426 East 118th Street, Apt. 1K
New York, NY 10035
(347) 407-1907 | afternS@aol.com

June 24, 2026

VIA ECF

Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    **Sanderson v. Leg Apparel LLC et al., Civil Action No. 1:19-cv-08423-GHW**
       **Plaintiff's Motion for Reconsideration of the Order at Dkt. 475**
       **Granting the Withdrawal of Attorney Paxton T. Moore**

---

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER AT DKT. 475
GRANTING WITHDRAWAL OF ATTORNEY PAXTON T. MOORE**

---

Plaintiff Aftern Sanderson, proceeding pro se, respectfully moves this Court, pursuant to

S.D.N.Y. Local Civil Rule 6.3, for reconsideration of its Order at Dkt. 475 granting the withdrawal

of Attorney Paxton T. Moore, and for an order vacating that withdrawal or, in the alternative,

conditioning it as set forth below.

**PRELIMINARY STATEMENT**

By Order dated June 11, 2026 (Dkt. 473), this Court denied Mr. Moore's prior application

to withdraw as counsel for defendants, because that application was "framed as an order, not a

motion" and was "not accompanied by a letter or affidavit supporting the facts contained in the

proposed order." (Dkt. 473.) The Court expressly directed that "[a]ny renewed application must

be accompanied by an appropriate supporting submission." (Dkt. 473.) The renewed application that followed, Dkt. 474, was a letter from defense counsel Maureen M. Stampp dated June 18, 2026. It was not a motion by Mr. Moore, and it was not accompanied by an affidavit from Mr. Moore. It therefore did not cure the deficiency the Court had identified in Dkt. 473. Nonetheless, by Memo Endorsement dated June 22, 2026 (Dkt. 475), the Court granted Dkt. 474 as a motion to withdraw and granted Mr. Moore leave to withdraw, without addressing whether Dkt. 474 satisfied the requirement the Court had set forth in Dkt. 473.

Plaintiff respectfully submits that reconsideration is warranted because, in granting withdrawal at Dkt. 475, the Court overlooked that Dkt. 474 did not satisfy the very requirement the Court had established in Dkt. 473. Plaintiff does not categorically oppose Mr. Moore's eventual withdrawal. Plaintiff asks only that the Court apply its own requirement evenhandedly, and that Mr. Moore not be permitted to exit this action without the sworn submission that Dkt. 473 contemplated and that the matters set forth below make necessary. Defendants themselves have represented to the Court that Mr. Moore's withdrawal "will not cause any prejudice or delay," that "All Defendants have counsel active in their representation," and that they "will not require any additional time." (Dkt. 474.) The relief plaintiff seeks is fully consistent with those representations and asks only that defendants be held to them.

**ARGUMENT**

**1.   Reconsideration Is Warranted Because the Court Overlooked That Dkt. 474 Did Not Cure the Defect Identified in Dkt. 473.**

A motion for reconsideration may be granted where the moving party identifies controlling decisions or data that the court overlooked and that might reasonably be expected to alter the court's conclusion. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Reconsideration is also appropriate to correct a clear error or to prevent manifest injustice. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

The Court's Order at Dkt. 473 required that any renewed application to withdraw be made by motion and be accompanied by an appropriate supporting submission. Dkt. 474 was neither: it was a letter from Ms. Stampp, not a motion by Mr. Moore, and it was unaccompanied by any affidavit from Mr. Moore explaining the circumstances of his departure. If anything, Dkt. 474 was further from compliance than the application the Court had just rejected: the proposed order denied at Dkt. 473 was at least signed by Mr. Moore himself (Dkt. 472), whereas Dkt. 474 was submitted by Ms. Stampp, and neither carried the supporting submission that Dkt. 473 required. The Memo Endorsement at Dkt. 475 granted Dkt. 474 as a motion to withdraw and did not address whether the letter satisfied the requirement of an appropriate supporting submission. Plaintiff respectfully submits that, in granting withdrawal at Dkt. 475, the Court overlooked that Dkt. 474 did not satisfy the requirement the Court itself had imposed only days earlier. That oversight is a proper basis for reconsideration.

## 2.    The Court's Withdrawal Requirement Should Be Applied Evenhandedly, and a Pro Se Litigant Should Not Be Held to a Stricter Standard Than Represented Counsel.

The requirement set forth in Dkt. 473 was a reasonable one, and plaintiff does not quarrel with it. Plaintiff asks only that it be applied consistently. A pro se litigant's submissions are held to less stringent standards than those drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and it would be incongruous for represented counsel to be relieved of a requirement that the Court enforced against the same party only days earlier. Plaintiff respectfully submits that the standard the Court applied when it denied Dkt. 472 should apply equally to Dkt. 474, and that defendants' counsel should not obtain by letter what the Court has said must be sought by a properly supported motion.

### 3.    Plaintiff Reserves All Rights as to Mr. Moore's Individual Liability.

Plaintiff notes that Mr. Moore's withdrawal from this action, if granted, does not extinguish or affect Mr. Moore's individual liability in connection with his conduct during the course of this litigation. Plaintiff has filed, or intends to file, a separate civil action in which Mr. Moore is named as an individual defendant based on his conduct during the underlying proceedings. The withdrawal from this case does not constitute a release, waiver, or adjudication of any claims asserted or to be asserted against Mr. Moore individually. A withdrawal of appearance in one proceeding has no preclusive effect on claims against counsel in a separate proceeding. *See Lefcourt v. Legal Aid Society*, 445 F.2d 1150, 1154 (2d Cir. 1971) (withdrawal of counsel does not extinguish the former client's claims against counsel arising from conduct during representation); *Gibbs v. Breed, Abbott & Morgan*, 271 A.D.2d 180, 184 (1st Dep't 2000) (claims against attorneys for breach of fiduciary duty and malpractice arising from representation survive termination of the attorney-client relationship). Plaintiff's claims against Mr. Moore arise under 42 U.S.C. § 1985(3) (civil conspiracy to deprive plaintiff of civil rights), 42 U.S.C. § 1983 (denial of access to courts, *Christopher v. Harbury*, 536 U.S. 403 (2002)), and New York common law, and are based on Mr. Moore's individual conduct during the course of this litigation. Those claims are entirely independent of his status as counsel of record in this action.

### 4.    Plaintiff Requests That Any Withdrawal Order Preserve the Record.

Should the Court grant withdrawal, plaintiff respectfully requests that any order granting withdrawal make clear that: (a) Mr. Moore's withdrawal is without prejudice to plaintiff's right to assert claims against Mr. Moore individually in separate proceedings; and (b) the record of Mr. Moore's participation as counsel of record in this matter, including all filings made under his signature, is preserved and unaffected by the withdrawal.

**5.   A Second Circuit Panel Has Already Directed Mr. Moore to Submit a Sworn Affidavit Concerning the Alleged Ex Parte Communication, Which Remains Unresolved.**

Plaintiff has asserted that, during the trial, he witnessed an ex parte communication between trial counsel and the trial judge. In the appellate proceedings, defense counsel's brief responded that plaintiff "does not identify any such ex parte conversation in the record." [Appellee Br. at 17, No. 23-7969.] At oral argument on May 12, 2025, the panel questioned that response, observing that an ex parte communication would not, by its nature, be reflected in the record, and that it was unusual for a brief to answer the claim merely by stating that it was not in the record. [Oral Arg., No. 23-7969 (May 12, 2025).]

When pressed, counsel acknowledged that the denial rested on his own word, unsupported by any affidavit, and offered to submit an affidavit, under penalty of perjury, that no ex parte communication had occurred. The presiding judge directed that such an affidavit be submitted and afforded plaintiff an opportunity to respond. [Oral Arg., No. 23-7969 (May 12, 2025).] An attorney is an officer of the court charged with candor toward the tribunal, *see* N.Y. Rules of Prof'l Conduct r. 3.3(a)(1) (22 NYCRR 1200.0), and a court possesses the inherent authority to require such a submission and to address conduct bearing on the integrity of its proceedings, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991). Plaintiff respectfully submits that Mr. Moore should not be permitted to withdraw from this action until he has provided the sworn submission that the Court of Appeals directed and that lies squarely within his personal knowledge.

**6.   The Court Directed That Defendants Provide Plaintiff a Copy of the Trial Transcript, and That Directive Was Not Satisfied.**

On December 4, 2023, in setting the schedule for post-trial motion practice, the Court directed that, to the extent plaintiff did not have access to the trial transcript, a copy be provided to him by the defendants so that he could cite to the transcript in his post-trial opposition, which

the Court set on the same schedule. (Trial Tr. (Dec. 4, 2023), Dkt. 384.) Earlier in the trial, defense counsel had stated on the record that he did not then have the transcripts of the first three trial days. (Trial Tr. (Dec. 1, 2023), Dkt. 383.) A court possesses the inherent authority to enforce its directives and to address their violation. *See Chambers*, 501 U.S. at 44-45 (inherent power reaches abuses of process, including disobedience of the court's orders).

Plaintiff was not provided with a copy of the trial transcript by the defendants. The completeness of the trial transcript record remains the subject of plaintiff's pending motion to supplement the appellate record and to order preparation of the missing transcripts (ECF No. 464; see also ECF No. 467). *Cf. Griffin v. Illinois*, 351 U.S. 12 (1956) (denial of a transcript necessary for appellate review implicates due process and equal protection); *Christopher v. Harbury*, 536 U.S. 403 (2002) (right of access to the courts). Plaintiff respectfully submits that this unresolved matter should be addressed before or concurrently with any order permitting Mr. Moore to withdraw.

**RELIEF REQUESTED**

For the foregoing reasons, plaintiff respectfully requests that this Court:

**(1)**  reconsider its Order at Dkt. 475 and vacate the withdrawal of Mr. Moore, or, in the alternative, condition that withdrawal as set forth below;

**(2)**  require, as a condition of any withdrawal, that Mr. Moore submit an affidavit, under penalty of perjury, setting forth the reasons for his withdrawal and addressing the unresolved matters identified in Points 5 and 6 above;

**(3)**  require Ms. Stampp, as remaining and sole counsel of record, to confirm in writing her individual responsibility for defendants' obligations on all pending and unresolved matters, consistent with defendants' representation (Dkt. 474) that all defendants have counsel active in their representation and will require no additional time; and

**(4)**  address ECF No. 464 and ECF No. 467 before or concurrently with any order permitting withdrawal.

**WHEREFORE**, plaintiff Aftern Sanderson respectfully requests that this Court enter an Order:

(1) granting reconsideration of its Order at Dkt. 475 and vacating the withdrawal of Mr. Moore, or, in the alternative, conditioning that withdrawal as set forth herein;

(2) requiring, as a condition of any withdrawal, that Mr. Moore submit a sworn affidavit, under penalty of perjury, addressing the reasons for his withdrawal and the unresolved matters identified in Points 5 and 6 herein;

(3) requiring Ms. Stampp, as remaining sole counsel of record, to confirm in writing her individual responsibility for defendants' obligations on all pending matters, consistent with defendants' own representation in Dkt. 474;

(4) addressing ECF No. 464 and ECF No. 467 before or concurrently with any order permitting withdrawal; and

(5) granting such other and further relief as this Court deems just and proper.


Dated: June 24, 2026
New York, New York


Respectfully submitted,

Aftern Sanderson, Pro Se
426 East 118th Street, Apt. 1K
New York, NY 10035
(347) 407-1907 | afternS@aol.com

cc: Maureen M. Stampp, Seyfarth Shaw LLP (via ECF)

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2026, I caused a true and correct copy of the foregoing Motion to

be served upon counsel for Defendants via the Court's Electronic Case Filing (ECF) system, which

constitutes service upon all registered ECF users, including:

Maureen M. Stampp, Esq.
Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York 10018
mstampp@seyfarth.com

Aftern Sanderson
Pro Se Plaintiff