USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 8/31/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AFTERN SANDERSON,

Plaintiff,

-v –

LEG APPAREL LLC, *et al.*,

Defendants.

1:19-cv-8423-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

The Court assumes the reader's familiarity with the underlying facts of this case. Mr. Sanderson initially filed this action on September 10, 2019. Dkt. No. 2. Following years of litigation, the Court held a five-day long trial. At the end of trial, the jury returned a split verdict. It found that Mr. Sanderson had not proven his discrimination claim. But the jury found that Mr. Sanderson had successfully proven his retaliation claims against the two corporate defendants. The Court ordered the entry of judgment on March 1, 2024. Dkt. No. 402. Mr. Sanderson appealed the judgment. On July 8, 2025, the Second Circuit issued an opinion denying Mr. Sanderson's appeal. *Sanderson v. Leg Apparel LLC*, 2025 WL 1873869 (2d Cir. 2025).

On August 13, 2025, Mr. Sanderson filed a motion under Federal Rule of Civil Procedure 60(b). Dkt. No. 429. In that motion, and subsequent submissions, he asked that the Court vacate the judgment as a result of asserted errors by the Court and the Second Circuit Court of Appeals. The Court issued a lengthy opinion analyzing those arguments, which denied Mr. Sanderson's requested relief. *Sanderson v. Leg Apparel LLC*, No. 1:19-CV-8423-GHW, 2025 WL 2997325 (S.D.N.Y. Oct. 23, 2025) (the "Rule 60(b) Opinion"). Mr. Sanderson appealed that decision, as well as the Court's ruling on a motion for recusal. Dkt. No. 442. The Second Circuit evaluated the appeal, and several motions filed by Mr. Sanderson in connection with it. The Court of Appeals

dismissed the appeal because it lacked "an arguable basis either in law or in fact." *Sanderson v. Leg Apparel LLC*, No. 25-2761, 2026 WL 1196133, at *1 (2d Cir. Apr. 8, 2026). The Circuit denied Mr. Sanderson's request for *en banc* review of that decision. The mandate was issued on May 29, 2026. Dkt. No. 471.

In the wake of the Rule 60(b) Opinion, Mr. Sanderson filed several applications to the Court.[1] Described broadly, through the Filings, Mr. Sanderson contends that the Court's prior rulings are incorrect or unfair, and through them seeks to relitigate issues previously resolved by the Court, or to reopen litigation with respect to issues not previously presented.

The Court reviewed all of the Filings, applying the special solicitude to which Mr. Sanderson is entitled as a *pro se* litigant, "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original).[2] None met the high bar standard required for the reconsideration of the Court's Rule 60(b) Opinion, for he points to no information that "might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). This conclusion is consonant with the Second Circuit's decision that Mr. Sanderson's appeal of the orders that are the subject of the Filings lacks merit. To the extent that any of the applications raised by the Filings remain outstanding, they are denied with the two exceptions noted below. This case has been actively litigated through judgment, Rule 60 motion practice and two appeals. The further relief requested by Mr. Sanderson is not warranted.

First, the motion at docket number 455 is a motion for Judge Cave to recuse herself. While there is no active litigation in this matter that might be presented to Judge Cave, that motion is best

---

[1] *See* Dkt. Nos. 443, 444, 446, 447, 448, 449, 450, 451, 452, 455, 457, 458, 459, 460, 461, 462, 463, 464, 465, 467 and 468 (collectively, the "Filings").

[2] The Court affords Mr. Sanderson's prolific filings the special solicitude required under applicable law. The Court observes that many of the Filings bear indicia of having been drafted with the assistance of generative artificial intelligence.

resolved by Judge Cave, rather than this Court. As a result, the Court will highlight that motion for Judge Cave's consideration.

Second, in several of the Filings—particularly Dkt. Nos. 460–463—Mr. Sanderson asks that the Court seal references on the docket to certain of his health-related information. To the extent there are portions of the materials presented on the docket of this case that Mr. Sanderson believes should be redacted to protect his healthcare information, the Court will consider an application for targeted redactions to those documents to remove those specific references. The Court is not aware of filings on the docket that refer to the healthcare condition referenced by Mr. Sanderson other than in filings made by him before the Second Circuit and this Court, and in a description of Mr. Sanderson's filings containing that information. For the avoidance of doubt, while the Court will entertain a request for targeted redactions of healthcare information contained in documents that are publicly available on the docket of this case, the Court is not reopening any aspect of the litigation as it relates to that information or otherwise.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 446, 447, 450, 455, 457, 460, 464, 465 and 468, and to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: August 31, 2026
New York, New York

GREGORY H. WOODS
United States District Judge