UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AFTERN SANDERSON,

Plaintiffs,

-v-

LEG APPAREL LLC, AMIEE LYNN ACCESSORIES, INC., STEVEN H. SPOLANSKY, MELISSA ROMANINO, and STUART DIAMOND,

Defendants.

CIVIL ACTION NO.: 19 Civ. 8423 (GHW) (SLC)

**OPINON AND ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

The Court is in receipt of the motion of Plaintiff Aftern Sanderson ("Mr. Sanderson") asking the undersigned to recuse herself. (Dkt. No. 455 (the "MTR")). For the reasons set forth below, the MTR is **DENIED**.

## II. BACKGROUND

We presume familiarity with the factual and procedural background of this action. See Sanderson v. Leg Apparel LLC, No. 19 Civ. 8423 (GHW), 2024 WL 898654 (S.D.N.Y. Mar. 1, 2024) ("Sanderson V"), aff'd, 2025 WL 1873869 (2d Cir. Jul. 8, 2025) ("Sanderson VI"); Sanderson v. Leg Apparel LLC, No. 19 Civ. 8423 (GHW), 2023 WL 2753200 (S.D.N.Y. Mar. 31, 2023) ("Sanderson III"), reconsideration denied, 2023 WL 4053131 (S.D.N.Y. Jun. 16, 2023) ("Sanderson IV"); Sanderson v. Leg Apparel LLC, No. 19 Civ. 8423 (GHW), 2020 WL 7342742 (S.D.N.Y. Dec. 14, 2020) ("Sanderson II"); Sanderson v. Leg Apparel LLC, No. 19 Civ. 8423 (GHW), 2020 WL 3100256

(S.D.N.Y. Jun. 11, 2020) ("Sanderson I"). We set forth only the background necessary to analyze the MTR.

On April 21, 2023, the Honorable Gregory H. Woods referred this action to the undersigned for the purpose of settlement. (Dkt. No. 285). At the time, pro bono counsel agreed to represent Mr. Sanderson for purposes of settlement. (Dkt. Nos. 288–89). On June 1, 2023, the Court held a telephone conference to discuss scheduling a settlement conference. (Dkt. Nos. 286; 292; Minute Entry dated June 1, 2023 (the "Telephone Conference")). After the Telephone Conference, the Court ordered the parties to submit "a joint letter setting forth. . . whether Plaintiff is willing to participate in a settlement conference with the Court[.]" (Dkt. No. 292). On June 5, 2023, the parties submitted a joint letter stating that "plaintiff is willing to participate in the settlement conference[,] (Dkt. No. 295), so the Court entered an order scheduling a conference for September 21, 2023 (the "Settlement Conference"). (Dkt. No. 297 at 1 (the "SC Order")). In the SC Order, the Court included a copy of the Court's standing order applicable to settlement conferences. (Id. at 4–6 (the "Standing Order")).

On June 28, 2023, Mr. Sanderson, on his own behalf, not through counsel, filed a letter objecting to various portions of the Standing Order and stating that he "w[ould] not participate" in the Settlement Conference. (Dkt. No. 308 (the "June 28 Letter")). On June 29, 2023, the Court ordered Mr. Sanderson, by July 6, 2023, to "file a letter on the docket indicating whether he has reconsidered his position and would be willing to participate in the [S]ettlement [C]onference". (Dkt. No. 309). On July 7, 2023, after Mr. Sanderson failed to file a letter, the Court ordered Mr. Sanderson's pro-bono counsel to "file a letter providing an update on Mr. Sanderson's position as to the settlement conference." (Dkt. No. 311). On July 10, 2023, Mr. Sanderson's pro-bono

counsel informed the court that "Mr. Sanderson has advised us that he does not wish to participate in the Settlement Conference[.]" (Dkt. No. 312 (the "July 10 Letter")). The Court subsequently cancelled the Settlement Conference in light of the June 28 Letter and July 10 Letter. (Dkt. No. 313). On July 11, 2023, a letter from Mr. Sanderson, dated July 9, 2023 was docketed, in which Mr. Sanderson reiterated that he "declines a 'settlement conference.'" (Dkt. No. 316 (the "July 9 Letter")).

On November 28, 2023, trial began before Judge Woods, and concluded on December 4, 2023. (Dkt. No. 342; Minute Entry dated November 28, 2023; Minute Entry dated December 4, 2023). On March 1, 2024, Judge Woods entered a judgment in favor of Mr. Sanderson, Sanderson V, 2024 WL 898654, at *6, and the Clerk of Court closed the case. (Dkt. No. 402).

Between October 30, 2025, and December 15, 2025, Mr. Sanderson filed a variety of motions, including the MTR. (Dkt. Nos. 446–47; 450; 455; 457; 460; 464–65; 468 (the "Motions")). On August 31, 2026, Judge Woods denied the Motions, except for the MTR, which he found to be "best resolved by" the undersigned. (Dkt. No. 478 at 1–2).

## III. DISCUSSION

### A. Legal Standard

A judge must recuse herself in "any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[T]he test for whether an appearance of partiality exists is an objective one based on what a reasonable person knowing all the facts would conclude."[1] Litovich v. Bank of Am. Corp., 106 F.4th 218, 224 (2d Cir. 2024). "[T]he grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse

[1] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

themselves solely because a party claims an appearance of partiality." Sun v. Mo, No. 24 Civ. 3630 (KPF), 2024 WL 4252580, at *2 (S.D.N.Y. Sept. 19, 2024).

Importantly, "[w]here the standards governing recusal are not met, 'disqualification is not optional; rather, it is prohibited.'" Wiltshire v. Williams, No. 10 Civ. 6947 (RWS), 2012 WL 899383, at *3 (S.D.N.Y. Mar. 16, 2012) (quoting In re Aguinda, 241 F.3d 194, 201 (2d Cir. 2001)). "The decision to grant or deny a recusal motion is committed to the sound discretion of the judge to whom the motion is directed." Ramirez v. United States, No. 10 Civ. 4343 (WHP), 2012 WL 3834675, at *1 (S.D.N.Y. Aug. 22, 2012).

**B. Application**

Here, because the Clerk of Court closed this case (Dkt. No. 402), and the parties have "no active litigation in this matter[,]" (Dkt. No. 478 at 2), the MTR is moot. See Whitnum v. Emons, 767 F. App'x 195, 196 (2d Cir. 2019) (affirming denial of motion to recuse district judge as "moot because the case was closed"); Rosenberg v. City of New York, No. 20 Civ. 4012 (LLS), 2020 WL 3962044, at *1 (S.D.N.Y. Jul. 13, 2020) (denying motion to recuse as moot because, inter alia, the "action was closed").

In any event, Mr. Sanderson has failed to satisfy his burden of demonstrating a basis on which to question the impartiality of the undersigned. He bases his MTR on his grievances with the Standing Order, his perception that the Court "pressure[d]" him to engage in settlement discussions, and the Court's ultimate determination to not move forward with the Settlement Conference. (Dkt. No. 455 at 7–8, 12–14). Here, nothing in the MTR "would cause any objective observer to infer bias" warranting recusal. Rosenberg, 2020 WL 3962044, at *1. (See Dkt. No. 455). Mr. Sanderson's disagreements with the Court's: (i) Standing Order containing

the rules applicable to every settlement conference; (ii) encouragement of his participation; and (iii) decision not to move forward with the Settlement Conference provide no basis for recusal. (Dkt. No. 455 at 7–8, 12–14). See Tsabbar v. Eason, 305 F. App'x 680, 682 (2d Cir. 2008) (affirming denial of recusal motion and noting that "it is more than appropriate for a magistrate judge to urge settlement or seek to facilitate one"); Tinelli v. Redl, No. 96 Civ. 2827 (KMW) (DFE), 1998 WL 241753, at *2 (S.D.N.Y. May 11, 1998) (denying motion to recuse because "[a] reasonable observer would believe that [the court] ha[s] a right to require [parties] to obey [the court's] individual rules").

Finally, to the extent that the MTR suggests that the Clerk's Office either delayed docketing the June 28 Letter and the July 9 Letter or entered them with incorrect dates (Dkt. No. 455 at 8–10, 14–16), the docket accurately reflects the date of each of these documents (see Dkt. Nos. 308; 316), and the Court notes that delays commonly occur between a pro se party's submission of a filing and its entry on the docket. See Doe v. Columbia Univ., No. 23 Civ. 10393 (DEH), et al., 2024 WL 3454839, at *1 (S.D.N.Y. Jul. 18, 2024) ("When a pro se plaintiff 'files' a [document], the Clerk's Office staff scans and dockets each filing. Given the volume of pro se cases, the docketing of each filing may be delayed[.]")

## IV. CONCLUSION

Therefore, for the reasons set forth above, the MTR is **DENIED**. (See Dkt. No. 455).

Dated: New York, New York
September 3, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**